James **EDWARDS,**
**Defendant–Appellant,**

v.

**STATE of Indiana, Plaintiff–Appellee.**

No. 53A01–8708–CR–191.

Court of Appeals of Indiana,
First District.

Feb. 11, 1988.

Susan K. Carpenter, Public Defender, Novella L. Nedeff, Deputy Public Defender, Indianapolis, for defendant-appellant.

Linley E. Pearson, Atty. Gen., John D. Shuman, Deputy Atty. Gen., Indianapolis, for plaintiff-appellee.

NEAL, Judge.

### STATEMENT OF THE CASE

Defendant-appellant, James Edwards (Edwards), appeals a decision from the Monroe Superior Court on his motion to correct erroneous sentence, setting aside his habitual offender conviction, but denying further correction and reduction of his sentence.

We reverse in part and affirm in part.

### STATEMENT OF THE FACTS

On January 26, 1983, following a jury trial, Edwards was convicted of Count I, burglary, a Class A felony, Counts II and III, confinement, a Class B felony, and Counts IV and V, attempted rape, a Class A felony. He was also found to be an habitual offender. The trial court sentenced Edwards to 30 years for Count I, 10 years each for Counts II and III, 40 years each for Counts IV and V, and enhanced the penalty 30 years due to his habitual offender status. The trial court ordered Counts I, IV, V, and the habitual offender enhancement to be served consecutively, and the sentences on Counts II and III to be served concurrently for a prison term totaling 140 years. Edwards's conviction was confirmed on direct appeal. *Edwards v. State* (1985), Ind., 479 N.E.2d 541. However, the supreme court noted that the trial court's sentencing relative to Edward's habitual offender status was incorrect. The case was remanded to the trial court with instructions to vacate that part of the sentence ordering the habitual offender status to be served consecutively and to assign that sentence as an enhancement of one of the sentences imposed under the felony convictions.

Meanwhile, Edwards initiated post-conviction relief proceedings in a separate case, seeking to vacate the guilty plea he entered November 1, 1976, which led to his conviction for rape. Likewise he sought post-conviction relief to set aside a guilty plea which led to his conviction for possession of dangerous drugs in 1972. These two prior convictions were the supporting felony convictions upon which his habitual offender determination rested. Thereafter, Edwards received a judgment vacating his guilty plea to possession of dangerous drugs, the post-conviction court having determined that the trial court did not explicitly advise him of the constitutional rights specifically enumerated in *Boykin v. Alabama* (1969), 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274. Edwards also successfully set aside his guilty plea to rape. The post-conviction court reviewing that plea concluded that the trial court failed to inform Edwards of the possibility of an increased sentence due to prior convictions and that the court was not a party to or bound by the plea agreement in compliance with IND. CODE 35–35–1–2. Both guilty pleas were vacated prior to the revised rule implemented with the supreme court's decision in *White v. State* (1986), Ind., 497 N.E.2d 893.

Edwards subsequently filed a pro se motion to correct erroneous sentence, asserting that his habitual offender enhancement should be set aside because the two supporting felony convictions had been vacated. His motion also requested the trial court to reduce and impose the presumptive sentence for Counts IV and V, and to order all sentences imposed to be served concurrently. The trial court summarily ruled on Edwards's motion, vacating the habitual offender sentence enhancement but denying all other grounds for relief. Edwards filed a motion to correct errors on September 8, 1986. His motion was granted, the ruling on his motion to correct erroneous sentence was set aside, and an evidentiary hearing was ordered. The hearing was held on January 30, 1987, and both Edwards and his attorney were present. After Edwards testified and presented argument, the matter was taken under advisement. On February 23, the trial court issued a written order setting aside the habitual offender sentence but refused to further reduce the sentence he received for his principal convictions. Edwards subsequently instituted this appeal.

### ISSUES

Edwards presents the following issues for our review:

I. Whether Edwards's sentence is manifestly unreasonable.

II. Whether the resentencing court erred in considering his vacated convictions when evaluating his sentence.

III. Whether the resentencing court erred in refusing to consider evidence of Edwards's character and rehabilitation occurring since his original sentencing.

IV. Whether the resentencing court erred in failing to have Edwards present in open court when it issued its order correcting his sentence.

### DISCUSSION AND DECISION

ISSUE I: *Sentence*

■ Edwards appeals the partial denial of his motion to correct erroneous sentence

filed pursuant to IND.CODE 35–38–1–15. He invokes the jurisdiction of this court pursuant to Ind.Rules of Procedure, Appellate Rule 4(A)(7) and 4(B). Throughout its brief, the State argues that the matter should be treated as a petition for post-conviction relief under Ind.Rules of Procedure, Post–Conviction Rule 1. We note that the preferred procedure for raising the issue of an erroneous sentence is a petition for post-conviction relief. *Thompson v. State* (1979), 270 Ind. 677, 381 N.E.2d 274. However, a motion under IND.CODE 35–38–1–15 is also an appropriate method to seek correction of an erroneous sentence and does not prevent us from addressing the issues currently before us.

Edwards contends that his sentence is manifestly unreasonable. The trial court sentenced Edwards to the presumptive 30–year sentence for his burglary conviction. He was also sentenced to 10–year presumptive sentences for each confinement conviction. Upon his convictions for attempted rape, the trial court imposed sentences of 40 years each, finding 10 years should be added to the presumptive 30–year sentence due to aggravating circumstances. All of the sentences, except those for confinement, were ordered to be served consecutively for a total of 110 years. Edwards contends that this sentence is manifestly unreasonable. In support of his argument he claims that his sentence is disproportionate, citing *Fointno v. State* (1986), Ind., 487 N.E.2d 140.

■ Reasonable minds may differ on what sentence is appropriate in a particular case given the degree of subjectivity that cannot be eliminated in the sentencing process. It would be inappropriate for us to substitute our judgment for that of the trial court. *Fointno, supra.* Whether the presumptive sentence will be increased or decreased because of aggravating or mitigating factors is within the trial court's discretion. The trial court may enhance a presumptive sentence or order the sentences to run consecutively, or both, and the same reasons may be used for either or both purposes. *Smith v. State* (1985), Ind., 474 N.E.2d 71. The trial court must set

forth adequate circumstances to support its decision. *Washington v. State* (1981), Ind., 422 N.E.2d 1218. A reviewing court will not revise a sentence authorized by statute except where such sentence is manifestly unreasonable. Ind.Rules of Procedure, Appellate Review of Sentences Rule 2. A sentence is not manifestly unreasonable unless a reasonable person could not find such sentence appropriate considering the nature of the offense and the character of the offender. *Fointno, supra.*

Edwards maintains that his sentence is manifestly unreasonable, particularly in light of our supreme court's decision in *Fointno.* In that case the defendant abducted a victim and her seven year old daughter at gunpoint. After transporting them to another location, the defendant forced the victim to submit to a variety of sexual acts for a period of two hours. He also took a small amount of money from her before departing. The defendant was convicted of rape, two counts of criminal deviate conduct, two counts of confinement, robbery, and intimidation and sentenced to an aggregate term of 104 years. The supreme court held that the 104–year term was manifestly unreasonable and reduced the sentence to 80 years. The court noted that the trial court failed to consider, as a mitigating factor, that the defendant had no prior criminal record.

■ While initially the 110–year sentence may seem unreasonable, close inspection of the nature of the crime and those statutory factors considered in aggravation indicate that the term imposed was not manifestly unreasonable. Here, Edwards was convicted of attempting to rape not one but two women who had been sleeping in the security of their apartment. He used a passkey to enter the apartment where he struggled with and overpowered them. He terrorized them with a knife, bound their wrists together with a rope, fondled them, and demanded sex before he was interrupted by police summoned to the scene by neighbors. In light of the violent nature of the crime and that it was perpetrated against two victims, we do not be-

lieve that the sentence was manifestly unreasonable.

ISSUE II: *Consideration of Vacated Convictions*

Edwards also complains that the resentencing court erred in considering his vacated convictions when evaluating his sentence. Presumably, Edwards is arguing that there is insufficient evidence of aggravating circumstances to enhance his sentence. In imposing enhanced and consecutive sentences, the trial court listed the following aggravating factors:

(a) the Defendant's history of criminal activity, including a prior rape conviction;

(b) that the imposition of a reduced sentence would depreciate the seriousness of the offenses committed and their proximity of the prior offense; and

(c) the particular viciousness and violence of the offenses.

*Record* at 87. These findings were incorporated in the order of and endorsed by the resentencing court. Edwards's convictions for rape and possession of dangerous drugs were both vacated after post-conviction proceedings. He maintains that his vacated convictions should not constitute an aggravating factor and that it was improper to consider them while evaluating his sentence.

■ Although Edwards successfully vacated his prior convictions through subsequent post-conviction proceedings, it was not improper to consider them as aggravating factors. IND.CODE 35–38–1–7(b)(2) allows the trial court to consider a defendant's "history of criminal activity" as an aggravating circumstance. In *Hoelscher v. State* (1984), Ind., 465 N.E.2d 715, our supreme court held that this language permits a trial court to consider prior criminal activity which has not been reduced to conviction but which does indicate a prior criminal history. Although vacated, Edwards's prior convictions were evidence of previous criminal activity and were proper factors

for the resentencing court to consider as aggravating circumstances. Furthermore, our supreme court has also held that only one valid aggravating factor need be shown to sustain the enhancement of a presumptive sentence. *Rowley v. State* (1979), 271 Ind. 584, 394 N.E.2d 928. Edwards does not attack the validity of the other factors listed in aggravation of his sentence. Assuming the impropriety of considering his vacated convictions and eliminating it as an aggravating factor, there still remains sufficient grounds to sustain the enhancement of his sentence. The resentencing court did not err in considering Edwards's vacated convictions when evaluating his sentence.

ISSUE III: *Evidence of Character and Rehabilitation*

Edwards also contends that the resentencing court erred in refusing to consider evidence of his character and rehabilitation occurring after his original sentencing in 1983. At the beginning of the hearing on his motion to correct erroneous sentence, Edwards requested that a revised presentence investigation report be prepared. The trial court denied the request, and Edwards cites this as error on appeal.

Edwards notes that a trial court must consider several factors under IND.CODE 35–38–1–7(a) when determining what sentence to impose for a crime. He also notes that IND.CODE 35–38–1–8 requires the preparation of a presentence report before sentencing for a felony conviction. Edwards contends that the resentencing court was required to consider updated and current information of this sort in order to accurately evaluate his sentence.

■ Edwards does not cite us to any authority nor are we aware of any which mandates this. IND.CODE 35–38–1–15 states in pertinent part:

A motion to correct sentence must be in writing and supported by a memorandum of law specifically pointing out the defect in the *original sentence.* (Emphasis added.)

This statute clearly contemplates the correction of a sentence imposed erroneously at its inception. Therefore, only evidence reflecting the conditions as they existed as of the date of sentencing are properly considered. We point out that Edwards had been in prison since the original sentencing and confined to a structured environment. His conduct there would not be indicative of any voluntary efforts to reform. Further, such argument could apply to any person sentenced who may later urge upon the court his reformation. A defendant's subsequent activity and behavior are not appropriate considerations under a petition requesting correction of an erroneous sentence. Evidence of this type may only be addressed under a motion requesting the reduction or suspension of a sentence pursuant to IND.CODE 35–38–1–17 and proceedings thereon. The trial court did not err in refusing to consider it.

ISSUE IV: *Presence at Sentence Correction*

Finally, Edwards argues that the trial court erred by its failure to have him present in court when it issued its order correcting his sentence. He maintains this omission was in direct violation of IND. CODE 35–38–1–15.

■ In pertinent part that statute states:

If the convicted person is erroneously sentenced, the mistake does not render the sentence void. The sentence shall be corrected after written notice is given to the convicted person. The convicted person and his counsel must be present when the corrected sentence is ordered.

We agree that Edwards was entitled to be present when the resentencing court issued the order correcting his sentence. In *Flowers v. State* (1981), Ind., 421 N.E.2d 632, our supreme court stated in dicta that IND. CODE 35–38–1–15 required the presence of both the convicted person and his counsel. Here, although he was present for the hearing on his motion held January 30, 1987, Edwards was not present when the trial court issued its order correcting his

sentence on February 23. The resentencing court erred in failing to secure Edwards's presence. However, the resentencing court correctly followed the statute in all other respects. We therefore reverse and remand with instructions to the resentencing court to reimpose its order correcting the sentence in Edwards's presence. In all other respects the judgment is affirmed.

Judgment reversed and remanded in part: affirmed in part.

RATLIFF, C.J., and CONOVER, J., concur.