John INGLE, Appellant–Defendant,

v.

STATE of Indiana, Appellee–Plaintiff.

No. 22A01–0109–CR–340.

Court of Appeals of Indiana.

March 4, 2002.

Transfer denied May 23, 2002.

J. Patrick Biggs, New Albany, Indiana, Attorney for Appellant.

Steve Carter, Attorney General of Indiana, James B. Martin, Deputy Attorney General, Indianapolis, Indiana, Attorneys for Appellee.

## OPINION

BAKER, Judge.

Appellant-defendant John Ingle appeals the 115–year aggregate sentence imposed upon his convictions for Murder,[1] a felony, and Attempted Murder,[2] a class A felony. Specifically, Ingle argues that the trial court erred in refusing to allow him to testify at the sentencing hearing regarding his good behavior while on Death Row. Ingle also argues that the imposition of maximum consecutive sentences was improper because the trial court rejected his history of mental illness as a mitigating factor and relied upon an improper aggravating circumstance.

### FACTS

On October 15, 1998, a jury convicted Ingle of attempting to kidnap his wife, murdering her and attempting to murder a police officer. At the sentencing hearing, the trial court imposed the death penalty along with an additional fifty years for attempted murder and fifty years for attempted kidnapping. Ingle appealed directly to our supreme court, where it determined that the State failed to prove the aggravating circumstances necessary to impose the death sentence. *Ingle v. State*, 746 N.E.2d 927, 930 (Ind.2001). Additionally, while Ingle's convictions for murder and attempted murder were affirmed, the conviction for attempted kidnapping was reversed. As a result, the cause was remanded to the trial court for resentencing. *Id.* at 941.

At the sentencing hearing conducted on June 20, 2001, Ingle sought to testify regarding his behavior while incarcerated on death row. The trial court disallowed the testimony, sustaining the State's objection that such testimony was irrelevant. The trial court found the existence of eight aggravating circumstances that included the following: 1) the risk that Ingle would commit another crime; 2) the nature and circumstances of the crime committed; 3) Ingle's criminal history; 4) his character; 5) Ingle had violated a protective order; 6) the victims' statements; 7) the need for correctional or rehabilitative treatment;

---

1. Ind.Code § 35–42–1–1.

2. Ind.Code § 35–41–5–1 and I.C. § 35–42–1–1.

and 8) imposition of a lesser sentence would depreciate the seriousness of the crimes. Tr. at 41–48. Two mitigating factors were also found: 1) Ingle had been free of criminal activity for years before the instant crimes; and 2) Ingle had a history of mental illness. After determining that those aggravating circumstances outweighed the mitigators, Ingle was sentenced to sixty-five years for murder and fifty years for attempted murder. The sentences were ordered to run consecutively for a total of 115 years. Ingle now appeals that sentence.

## DISCUSSION AND DECISION

### I.  Exclusion of Ingle's Testimony

■ Ingle first argues that the trial court erred in excluding certain testimony at the sentencing hearing. Specifically, Ingle maintains that he should have been permitted to introduce evidence of his good behavior while on death row after his initial sentencing because that evidence would have established additional mitigating circumstances.

■ In resolving this issue, we note that only evidence reflecting the conditions as they existed as of the date of sentencing should be considered by the trial court. *Edwards v. State*, 518 N.E.2d 1137, 1141 (Ind.Ct.App.1988). In *Edwards*, we determined that the trial court properly excluded evidence of the defendant's conduct while he remained in prison awaiting re-sentencing. *Id.*

Following the rationale set forth in *Edwards*, we note that Ingle remained in prison since the original sentencing and was confined to a structured environment. His conduct there would not be indicative of any voluntary efforts to reform. *See id.* Moreover, Ingle's argument could apply to any individual sentenced who may later urge upon the court his reformation. *See id.* Thus, Ingle's subsequent activity and

behavior are not appropriate considerations here, and the trial court properly denied his request to present evidence of "good conduct during the prior two years he had spent on Death Row." Appellant's brief at 22.

### II.  Aggravating and Mitigating Circumstances

■ Ingle next argues that the trial court erroneously sentenced him because it did not consider his history of mental illness and lack of criminal activity for a significant period of time before the murders occurred, as mitigating factors. He also argues that the trial court's statement imposing a lesser sentence would depreciate the seriousness of the offenses was improper.

■ In general, sentencing decisions rest within the sound discretion of the trial court and on appeal the court's decision will be reversed only upon a showing of a manifest abuse of that discretion. *Grund v. State*, 671 N.E.2d 411, 418 (Ind.1996). It is within the trial court's discretion whether a presumptive sentence will be increased or decreased because of aggravating or mitigating circumstances. *Isaacs v. State*, 673 N.E.2d 757, 765 (Ind. 1996).

■ When a trial court finds aggravating circumstances to enhance the presumptive sentence, it must set forth all significant factors, state the specific reasons why the circumstance is considered aggravating or mitigating, and articulate the court's evaluation and balancing of the circumstances. *Hollen v. State*, 761 N.E.2d 398, 401 (Ind.2002); *see also* IND. CODE § 35–38–1–3. The mere "perfunctory recitation" of an aggravating circumstance is improper. *Ector v. State*, 639 N.E.2d 1014, 1015–16 (Ind.1994). However, even if a particular aggravator is deemed improper, remaining circum-

stances that are proper will support the sentence. *Hollins v. State,* 679 N.E.2d 1305, 1308 (Ind.1997). Moreover, only one aggravator is necessary to support an enhanced or consecutive sentence. *Reaves v. State,* 586 N.E.2d 847, 852 (Ind.1992).

We also note that the trial court is not obligated to accord the same weight to a factor that the defendant considers mitigating or to find mitigators simply because they are urged by the defendant. *Klein v. State,* 698 N.E.2d 296, 300 (Ind.1998). It is within the sentencing court's discretion to determine whether mitigating circumstances are significant and what weight to accord to the identified circumstances. *Kelly v. State,* 719 N.E.2d 391, 395 (Ind.1999).

Turning to the circumstances here, the record does not reflect that the trial court "dismiss[ed] Ingle's twenty-five year mental illness out of hand." Appellant's brief at 20. Rather, the trial court identified eight aggravators and two mitigators when sentencing Ingle. The judge specifically noted that Ingle's lack of criminal activity before the murders had occurred and his mental illness constituted mitigating circumstances. Tr. at 48. As discussed in the *FACTS,* the trial court also found the existence of eight aggravating circumstances, one of which was that the imposition of a reduced sentence would depreciate the seriousness of the crime. Tr. at 41–48. As our supreme court has observed, such a "perfunctory recitation" of this aggravating circumstance was improper. *Ector,* 639 N.E.2d at 1015–16 (recognizing that this factor should be deemed a proper aggravating circumstance only when the trial judge is considering imposing less than the presumptive sentence or suspending the sentence).

Notwithstanding the trial court's finding of this invalid aggravating circumstance, the record demonstrates that it heard the evidence, reviewed the pre-sentence report, determined that the aggravators outweighed the mitigators and imposed the sentence. Inasmuch as the remaining aggravating circumstances were proper, Ingle's argument that the sentence must be vacated must fail. *See Hollins,* 679 N.E.2d at 1308. Thus, there was no error.

Affirmed.

NAJAM, J., and MATTINGLY–MAY, J., concur.