**Joseph Mark COX, Appellant–Defendant,**

v.

**STATE of Indiana, Appellee–Plaintiff.**

No. 76A03–0210–CR–361.

Court of Appeals of Indiana.

July 30, 2003.

Kimberly A. Jackson, Indianapolis, IN, Attorney for Appellant.

Steve Carter, Attorney General of Indiana, Nicole M. Schuster Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

**OPINION**

DARDEN, Judge.

*STATEMENT OF THE CASE*

Joseph Mark Cox appeals his sentence entered after he pleaded guilty to one count of theft and, in a separate but joined proceeding, he pleaded guilty to attempted residential entry and resisting law enforcement. This appeal is directed solely to the sentence Cox received for theft.[1]

We reverse and remand.

*ISSUE*

Whether Defendant's sentence was inappropriate.

*FACTS*

In December 2001, Cox was charged with two counts of forgery, as class C felonies, for incidents that occurred in July and August 2001 when Cox stole checks from his roommate. Cox wrote one check in the amount of $17 to Hungry Howies in Angola. Cox wrote a second check payable to himself in the amount of $75. Cox initially claimed that his roommate, Dylan Jolly, had given him permission to write checks on Jolly's account in order to pay bills. Later, Cox admitted that he did not have permission to write checks on Jolly's account.

In July 2002, Cox also was charged with one count of theft (for stealing his roommate's checks), as a class D felony, stemming from the same incident. All three counts were listed within Cause Number 76D01–0201–FC–6 ("Case 6"). On July 15, 2002, Cox entered into a plea agreement in Case 6 that provided for Cox's guilty plea to theft in exchange for the dismissal of the two forgery charges.

While the charges for forgery were pending, Cox was subsequently arrested and charged with stalking, attempted residential entry, and resisting law enforcement for a separate incident in April 2002 involving his ex-girlfriend. Those matters were listed within Cause Number 76D01–0204–FC–414 ("Case 414").[2]

On July 15, 2002, a hearing was held in order to allow Cox to plead guilty in both Case 6 and Case 414. The transcript from that hearing indicates that the two cases were consolidated for purposes of entering plea agreements to each case and for open sentencing in each case. Accordingly, Cox entered a plea of guilty to theft in Case 6, and a plea of guilty to attempted residential entry and resisting law enforcement in Case 414. The presentence investigation report filed with regard to Case 6 and Case 414 in the consolidated proceedings listed two other charges under separate cause numbers, invasion of privacy and driving with a suspended license, that also would be dismissed pursuant to the plea agreement regarding Case 414 only. The plea agreement for theft provided that sentencing would be left to the discretion of the court and that "restitution may be ordered on all pending matters." (App.25).

At the sentencing hearing in September 2002, as to the guilty plea for theft in Case 6, the State recommended a sentence of one and one-half years with six months "of

---

1. Cox filed a separate appeal under Cause Number 76A03–0210–CR–362 in order to challenge his sentence for attempted residential entry and resisting law enforcement.

2. The record does not contain the charging informations for the charges within Case 414.

that term suspended and [that he be] placed on probation for the balance of the term." (Tr. 35). The State also recommended an order of restitution.

As to resisting law enforcement in Case 414, the State recommended a one-year sentence. As to attempted residential entry in Case 414, the State recommended a sentence of three years "with one ... of those years suspended; that he be put on probation for the suspended period, with the requirement that he pay restitution to [the victim] in the sum of One Hundred and Ten Dollars ($110.00); that during any period of probation he have no contact with [the victim]; that he be required, as a term of probation, to obtain anger non-violence counseling and complete that counseling and report completion of the same to probation." (Tr. 36).

Cox's counsel countered with a recommendation that Cox receive a total sentence of one year, with six months suspended to probation for the counts within Case 414: attempted residential entry as a class D felony, and resisting law enforcement as a class A misdemeanor.[3] Also, counsel agreed with the recommended conditions of probation, including a psychological evaluation and a restraining order. As to Case 6, counsel also agreed with the State's recommendation that Cox receive a sentence of one and one-half years consecutive to the sentence imposed for Case 414. However, counsel recommended that the entire sentence in Case 6, the class D felony theft, be suspended to probation.

Also, Cox's counsel requested that the court consider Cox's letter to the court. In the letter, Cox explained that as to the

theft conviction: he had taken advantage of his roommate, that he was truly remorseful, and that his attempts to make restitution prior to the sentencing had been thwarted by the roommate's injuries in an automobile accident. In the same letter, Cox also explained his version of the incidents involving his ex-girlfriend.

The joint/consolidated presentence investigation report contained a recommendation that Cox receive a total sentence of one and one-half years for the matters within Case 414, as well as specific probation conditions in the event that the trial court chose to suspend any portion of the sentence. Also, it was recommended that Cox receive a consecutive sentence of one and one-half years for the theft conviction within Case 6, with the entire time suspended to probation and the inclusion of a restitution order. The report addressed the circumstances surrounding all of the charges to which Cox was pleading guilty.

At the sentencing hearing, the trial court specifically stated that the presentence investigation report "would be considered part of this sentencing proceeding, has been reviewed by the Trial Judge prior to the hearing and the factual contents would be accepted as true and relied upon in the sentencing decision." (Tr. 31). The court made reference to the three convictions, made a general sentencing statement applicable to all three convictions, and made more specific findings as to the attempted residential entry. In the sentencing statement, the trial court concluded:

---

**3.** Later in the proceedings, the record indicates that counsel recommended that the sentences for resisting law enforcement and for attempted residential entry "should be run concurrent to one another, one and one half (1–1/2) years .... [and] that the court consider suspending six (6) months of that

time...." (Tr. 37). Because the maximum sentence for a class A misdemeanor is one year as provided in Indiana Code § 35–50–3–2, it is apparent that counsel meant a one-year sentence for the class D felony and a concurrent sentence of six-months for the class A misdemeanor.

The function of the court also in sentencing is to balance fairly the consideration of the nature of the offense with the character of the defendant, his relative age and the concerns of the community, as well, come into play somewhere in there. The plea agreement that has been submitted to the court is not insubstantial. It is a substantial plea agreement. It entails a guilty plea to two (2) felony charges. And that is not something that is to be taken lightly. It does not relate to the stalking offense [that was dismissed]. No one can force someone to plead guilty. And the court, in determining whether to accept a plea agreement, and that by its very nature involves the dismissal of another charge that is more serious, has to take into consideration whether or not there is sufficient opportunity for the judge in the course of the sentencing on the charges that are presented to the court, to address the severity of the offenses to which the defendant has admitted. And I think in this instance that that is in fact the case, that this plea agreement presents to the court an opportunity to impose substantial punishment, but also to impose a period of probation to monitor this particular defendant to determine and protect the interests of the community. And that, Mr. Cox, you should be well advised that if you violate the probation orders that the balance of the jail time will certainly be there and would be imposed if those violations are proven. *So, weighing the aggravating and the mitigating circumstances and recognizing that the aggravator that I cited, with regard to the protection order, applies only to the Residential Entry offense and citing also the additional aggravator that a totally suspended sentence would depreciate the seriousness of the crime, the court would indicate here that it has weighed the aggravating and mitigating circumstance and would note the mitigators that I have set forth regarding the absence of any kind of criminal history or juvenile record and the fact, of course, that the defendant has pled guilty, and would find that the following sentences and dispositions are appropriate:* that under the 06 case, the charge of Theft, a Class D felony, that a term of imprisonment of three (3) years is imposed, that of that two (2) years shall be suspended and one (1) year would be served; and that a fine of One Dollar ($1.00) and court costs would be imposed and that a term of probation would be imposed of two (2) years. And that as a part of any probation order there would be—... [restitution ordered]. And that the defendant shall be required to follow all terms and conditions of probation, that the following—that this will be a joint probation order with 414, insofar as, that the probation orders will include a requirement for a psychological evaluation and to following any recommended course of treatment, including a recommendation for counseling for batterers program. And that there be a restraining order, we'll call that a no contact order, NCO, in effect for [the victim in Case 414], and that will be on file and in the registry of the law enforcement of Steuben County and you cannot violate that order without a criminal charge being filed against you if you have any contact of any kind.... And other standard terms and conditions of probation will enter. Now, to be specific under case number 414, and consecutive to case number 06, the following sentence would apply: a one (1) year sentence under Count V, Resisting Law Enforcement, and a three (3) year sentence under the charge of Residential Entry, of which one (1) year would be suspended; a fine and court costs and an addi-

tional probation term of one (1) year under the same terms and conditions of probation.... A credit for time served of one hundred and fifty-six (156) days has been stated in the Pre–Sentence Investigation Report.

(Tr. 39–41) (emphasis added).

The trial court identified one aggravating circumstance applicable to the theft conviction: a fully suspended sentence would depreciate the seriousness of the offense. The trial court identified another aggravating circumstance (violation of the protective order) that was only applicable to the attempted residential entry and two mitigating factors applicable to all three convictions: Cox's lack of criminal history and the fact that he pleaded guilty thereby saving the State the time and costs associated with a trial. Thus, for the theft conviction, Cox received the maximum sentence of a three-year term of imprisonment with two years suspended to probation to be served consecutive to the sentence in Case 414.[4] The special terms of probation were the same for both the theft conviction in Case 6 and the convictions in Case 414, including a no-contact order as to the victim in Case 414 and appointments for an alcohol/substance abuse evaluation, a psychological/psychiatric evaluation, and for non-violence counseling. Also, Cox received credit for 156 days he was in jail prior to his sentencing.

## DISCUSSION

As noted above, the present appeal is directed to only the sentence Cox received for theft as a class D felony in Case 6. Cox complains that the three-year maximum possible sentence he received for theft was inappropriate and harsher than the circumstances warranted. Cox urges that despite a finding to the contrary, the trial court necessarily relied upon the circumstances within the separate cause of action involving his ex-girlfriend to enhance his sentence for theft. He also argues that the sole aggravating factor applicable to theft was invalid and that the mitigating circumstances outweighed the aggravating circumstance applicable to theft. We agree.

Indiana Code § 35–50–2–7(a) provides: "A person who commits a Class D felony shall be imprisoned for a fixed term of one and one-half (1½) years, with not more than one and one-half (1½) years added for aggravating circumstances or not more than one (1) year subtracted for mitigating circumstances...." Effective January 1, 2003, Indiana Appellate Rule 7(B) provides that we "may revise a sentence authorized by statute if, after due consideration of the trial court's decision, the Court finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender." App. R. 7(B). Because the rule is directed to the reviewing court, the amendment is applicable to review after January 1, 2003, even though the sentence was imposed prior to that date. *Kien v. State,* 782 N.E.2d 398, 416 (Ind.Ct.App. 2003).

"A trial court is afforded broad discretion in determining a defendant's sentence." *Simmons v. State,* 746 N.E.2d 81, 89–90 (Ind.Ct.App.2001), *trans. denied.* Inasmuch as reasonable minds may differ because of the subjectivity inherent to sentencing decisions, it is generally not appropriate for a reviewing court to merely sub-

---

**4.** Indiana Code § 35–50–2–2 provides rules for determining the appropriate probation periods when a sentence for a felony is suspended in part or whole. Further, Indiana Code § 35–50–1–2 provides rules for imposing con-

secutive sentences and mandates consecutive sentences (d) If, after being arrested for one ... crime, a person commits another crime ... (2) while the person is released ... on bond.

stitute its opinions for those of the trial court. *Buchanan v. State*, 767 N.E.2d 967, 970 (Ind.2002). When determining an appropriate sentence, a court must consider factors such as the risk a defendant will commit another crime, the nature and circumstances of the crime, and the defendant's criminal record, character and condition. Ind.Code § 35–38–1–7.1(a).

■ The trial court specifically stated that it reviewed, considered, and found credible, the joint/consolidated presentence investigation report that contained a recitation of the events surrounding the theft conviction. Also, the trial court was asked to consider Cox's letter to the court regarding his explanation of the occurrences to which he pleaded guilty. The statutory framework as to sentencing specifically allows sentencing courts the flexibility to consider "any factor which reflects on the defendant's character, good or bad, in addition to those expressly set out in the rest of the statute." *Pickens v. State*, 767 N.E.2d 530, 534 (Ind.2002); *see* Ind.Code § 35–38–1–7.1(a)(3)(B).

In sentencing Cox for theft, the trial court specifically stated that it was not considering the aggravating factors surrounding the charges stemming from the incidents with Cox's ex-girlfriend. However, the court sentenced Cox to the maximum enhanced sentence for theft,[5] and specifically identified two mitigating factors and one aggravating factor.

Cox urges that the sole aggravating factor, *i.e.*, a lesser sentence would depreciate the seriousness of the crime, is inapplicable under the circumstances. Although that factor is listed within Indiana Code § 35–38–1–7.1(b), it is relevant only to support the refusal to impose less than the presumptive sentence. *See, Pickens*, 767 N.E.2d at 533. Thus, that factor alone cannot form the basis for *enhancing* a sentence.

■ An enhanced sentence must be supported by at least one valid aggravating factor. *See Ingle v. State*, 766 N.E.2d 392, 396 (Ind.Ct.App.2002).

> When enhancing a sentence, a trial court is required to state its specific reasons for doing so. Accordingly, the court's sentencing statement must: (1) identify significant aggravating and mitigating circumstances, (2) state the specific reason why each circumstance is aggravating or mitigating, and (3) demonstrate that it balanced the aggravating and mitigating circumstances in reaching its sentence.

*Monegan v. State*, 756 N.E.2d 499, 501 (Ind.2001). As noted above, in balancing the aggravating and mitigating circumstances, the trial court specifically determined that the aggravating circumstances surrounding the convictions associated with the ex-girlfriend would not be considered when sentencing Cox for theft. Because the appellate rules now allow us to revise sentences, and because the court offered a lengthy oral sentencing statement wherein the trial court failed to identify any valid aggravating factors relating

---

5. We are aware of the recent decision in *Beck v. State*, 790 N.E.2d 520 (Ind.Ct.App.2003), wherein the majority determined that a suspended sentence fell within the trial court's discretion and noted: "while sentenced to the maximum sentence of 365 days, [the defendant] did not receive the maximum punishment of an executed sentence." at 523, Mattingly–May, J. concurring in result with opinion. As noted in the concurring in result opinion, there appears to be no case law recognizing a distinction between maximum punishment and maximum sentences. at 523. We decline to follow the rationale of the majority in *Beck*. In *Buchanan*, 767 N.E.2d at 973, our supreme court used the phrases interchangeably as though synonymous. Accordingly, our review of Cox's maximum sentence for theft is not altered by the fact that two years of the sentence was suspended.

to the sentencing for theft, we can confidently revise Cox's sentence for theft without requiring the trial court to do so on remand.

Here, we are left with two valid mitigating factors. Also, we are mindful that the State recommended the presumptive sentence of one and one-half years with six months suspended, probation, and restitution to Cox's roommate. In the presentence investigation report, it was recommended that Cox receive the presumptive sentence of one and one-half years with the entire time suspended, probation, and a restitution order. Under the circumstances, with only valid mitigating circumstances identified by the court and no valid aggravating circumstances applicable to the theft conviction, a one-year sentence with six months suspended to probation is appropriate in light of the nature of the offense and character of the offender. *See* App. R. 7(B).

■ We turn to Cox's contention that the specific terms of probation should not have been made applicable to his theft conviction, including the no-contact order as to the victim in the attempted residential entry conviction and the counseling evaluations. Cox urges that the no-contact order and counseling were associated only with the convictions under Case 414. We disagree.

A trial court is afforded broad discretion in establishing conditions of probation. *Rodriguez v. State,* 714 N.E.2d 667, 670 (Ind.Ct.App.1999), *trans. denied.* "Probation is a 'matter of grace and a conditional liberty that is a favor, not a right.'" *Johnson v. State* 659 N.E.2d 194, 198 (Ind.Ct. App.1995). As such, trial courts are vested with the discretion to establish conditions of probation in an effort to safeguard the general public and to mold law-abiding citizens. *Id.* at 198–99. The trial court did not abuse its discretion by tying together the special conditions of probation including the no-contact order.

Further, the conditions that Cox attend evaluations for nonviolence, psychological, and alcohol counseling were fully applicable to any conviction. The trial court's observations and those offered in the presentence investigation report supported the imposition of the mandated counseling evaluations as conditions of probation.

The trial court's determination on sentencing is reversed as to the enhanced sentence. The cause is remanded for correction of the sentence as revised herein.

BAKER, J., concurs.

SULLIVAN, J., concurs with separate opinion.

SULLIVAN, Judge, concurring.

The majority appears to place some significance upon our Supreme Court's use of the word "sentence" in the same context as the word "punishment" when considering the sentence imposed. *See Buchanan v. State,* 767 N.E.2d 967, 973 (Ind.2002). I do not agree that the words chosen in that case have meaningful significance because in that case the court was not considering a sentence which was suspended in part. Rather the court was considering a maximum fifty-year executed sentence imposed for a Class A felony.

Nevertheless, in this regard, I am inclined to agree that as stated in Judge May's separate concurrence in *Beck v. State,* 790 N.E.2d 520 (Ind.Ct.App.2003) and as cited by the majority, a 365 day sentence for a Class A misdemeanor, "whether suspended or served in the Department of Correction, is the 'maximum sentence.' A year is still a year, and a sentence is still a sentence." at 523. To be sure, a suspended maximum sentence is less onerous in its penal impact upon a

defendant than a fully executed sentence, but it is not a sentence for less than the maximum number of years called for by statute.

In the case before us, in Case 6, Cox received the maximum three-year sentence for a Class D felony even though two years of that sentence was suspended. The record contains no implication that in imposing sentence the trial court was considering giving less than the presumptive sentence. *See Pickens v. State,* 767 N.E.2d 530 (Ind.2002). Nor did the court state that giving less than the maximum sentence would "depreciate the seriousness of the crime" as contemplated by our Supreme Court in *Ajabu v. State,* 722 N.E.2d 339 (Ind.2000). Therefore, I agree that the trial court improperly relied upon this as an aggravating factor with regard to the sentence for the Class D theft felony.

I further agree that it was not an abuse of discretion for the probation to include as a condition that Cox have no contact with the victim of the residential entry crime involved in Case 414. Although this condition might seem irrelevant to Cox's successful completion of probation on the theft conviction, it was not unreasonable for the sentencing court to impose it.

In setting forth conditions of probation, the court is limited to conditions which "have a reasonable relationship to the treatment of the accused and the protection of the public. The object of course is to produce a law abiding citizen and at the same time to protect the public against continued criminal or antisocial behavior." *Reinbold v. State,* 555 N.E.2d 463, 471 (Ind.1990), *overruled on other grounds by Wright v. State,* 658 N.E.2d 563 (Ind.1995).

Here, the order for no contact with B.S., the victim in Case 414, is not wholly without rational basis insofar as his theft conviction probation is concerned. An in-herently included probation condition is always that the probationer not commit other criminal offenses. Precluding contact with the female victim under Case 414 might well be considered to facilitate his rehabilitation on the theft conviction in that it is designed to help the defendant avoid conduct which might lead to a future criminal act.

Subject to the above comments I concur.