**Joseph Mark COX, Appellant–Defendant,**

v.

**STATE of Indiana, Appellee–Plaintiff.**

**No. 76A03–0210–CR–362.**

Court of Appeals of Indiana.

Aug. 5, 2003.

---

Kimberly A. Jackson, Indianapolis, IN, Attorney for Appellant.

Steve Carter, Attorney General of Indiana, Nicole M. Schuster, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

DARDEN, Judge.

### STATEMENT OF THE CASE

Joseph Mark Cox appeals his sentence entered after he pleaded guilty to resisting law enforcement and attempted residential entry, and in a separate but joined proceeding, he pleaded guilty to theft. This

appeal is directed solely to the sentence Cox received for resisting law enforcement and attempted residential entry.[1]

We affirm.

## ISSUE

Whether Defendant's sentence was inappropriate.

## FACTS

B.L.S. is Cox's former live-in girlfriend. Between December 2001 and April 2002, B.L.S. filed approximately 10 complaints against Cox with Steuben County law enforcement officers for actions including battery, tampering with her mailbox, repeated harassing telephone calls, damage to her car, and damage to her possessions. In March 2002, B.L.S. obtained an emergency protective order against Cox.

On April 7, 2002, B.L.S. reported to the police that Cox "was outside her apartment, walking back and forth" and looking in her windows. (App.19). Police located Cox, who was in possession of a pry bar. Cox was arrested and charged with invasion of privacy. Cox posted bond and was released from jail, conditioned upon his not having any contact with B.L.S.

However, five days later on April 13, 2002, B.L.S. reported that Cox was attempting to gain entry into her residence. A police officer responded and saw Cox running from the back entry of B.L.S.'s apartment complex. The officer "exited his marked patrol vehicle, and yelled, 'Police officer, stop!'" (App.19). Cox continued to run. The officer spoke to B.L.S. "and observed that she was visibly shaken and upset." (App.19). The officer discovered "fresh pry marks to the door of the apartment." (App.19). Later, Cox was located at his apartment.

On April 13, 2002, Cox was charged with stalking B.L.S, as a class C felony; invasion of privacy, as a class A misdemeanor; attempted residential entry, as a class D felony; and resisting law enforcement, as a class A misdemeanor. Those matters were listed within Cause Number 76D01–0204–FC–414 ("Case 414"). Again as a condition of his release on bond, the court entered an order directing Cox to have no contact with B.L.S., including contact "in person, by telephone or letter, through an intermediary, or in any other way, directly or indirectly, except through an attorney of record." (App.23).

Prior to the incidents involving B.L.S., Cox had been charged with two counts of forgery stemming from an incident in July 2001 when he stole checks from his roommate Dylan Jolly. In July 2002, Cox was charged with one count of theft, as a class D felony related to the incident involving his roommate. The two forgery charges and the theft charge were also listed within Cause Number 76D01–0201–FC–6 ("Case 6").

Case 414 and Case 6 were set for a consolidated hearing on July 15, 2002, at which time Cox entered into a separate written plea agreement in each cause. In Case 414, Cox pleaded guilty to attempted residential entry, as a class D felony, and resisting law enforcement, as a class A misdemeanor, in exchange for the dismissal of the stalking and invasion of privacy charges. Case 414 and Case 6 were also consolidated for sentencing. The presentence investigation report filed with regard to Case 414 and Case 6 in the consolidated proceedings listed the separate charges of invasion of privacy and driving with a sus-

---

**1.** Cox filed a separate appeal under Cause Number 76A03–0210–CR–361 in order to challenge his sentence for theft.

pended license, that would be dismissed pursuant to the plea agreement. The plea agreement allowed the trial court to determine the sentence.

At the sentencing hearing in September 2002, as to the guilty plea for Case 414, as to resisting law enforcement, the State recommended a one-year sentence. As to attempted residential entry, the State recommended a sentence of three years "with one . . . of those years suspended; that he be put on probation for the suspended period, with the requirement that he pay restitution to [the victim] in the sum of One Hundred and Ten Dollars ($110.00); that during any period of probation he have no contact with [the victim]; that he be required, as a term of probation, to obtain anger non-violence counseling and complete that counseling and report completion of the same to probation." (Tr. 34–35).

Cox's counsel recommended that Cox receive a total sentence of one year, with six months suspended to probation for the counts within Case 414: attempted residential entry as a class D felony, and resisting law enforcement as a class A misdemeanor.[2] Also, counsel agreed with the conditions of probation, including a psychological evaluation and a restraining order. Counsel also requested that the court consider Cox's letter to the court. In the letter, Cox explained that as to the convictions in Case 414: he had acted irresponsibly, he was remorseful, and that he had not actually committed some of the acts of which B.L.S. had accused him. The same letter explained his version of the incidents involving the theft.

The joint/consolidated presentence investigation report contained a recommendation that Cox receive a sentence of one and one-half years for the matters within Case 414, as well as specific probation conditions in the event that the trial court chose to suspend any portion of the sentence. Also, in the report, it was recommended that Cox receive a consecutive sentence of one and one-half years for the theft conviction within Case 6, with the entire time suspended to probation and the inclusion of a restitution order. The report addressed the circumstances surrounding all of the charges to which Cox was pleading guilty.

At the sentencing hearing, the trial court specifically stated that the presentence investigation report "would be considered part of this sentencing proceeding, has been reviewed by the Trial Judge prior to the hearing and the factual contents would be accepted as true and relied upon in the sentencing decision." (Tr. 30). The court made reference to the three convictions, made a general sentencing statement applicable to all three convictions, and made more specific findings as to the attempted residential entry:

At the time of the residential entry the defendant was violating an order of protection and that would be considered an aggravating circumstance, serious aggravating circumstance. The function of the court in doing a criminal sentencing is to address several concerns. One is certainly the nature and quality of the offense itself. Mr. Cox, this is a serious offense because you persisted in a pat-

---

2. Later in the proceedings, the record indicates that counsel recommended that the sentences for resisting law enforcement and for attempted residential entry "should be run concurrent to one another, one and one half (1–1/2) years . . . . [and] that the court consider suspending six (6) months of that

time. . . ." (Tr. 37). Because the maximum sentence for a class A misdemeanor is one year as provided in Indiana Code § 35–50–3–2, it is apparent that counsel meant a one-year sentence for the class D felony and a concurrent one-half-year sentence for the class A misdemeanor.

tern of conduct in a manner that both disregarded the law as it exists to orders of no contact and that also terrorized another person. And when you did that you were being both arrogant because you disregarded the law and malicious because you inflicted emotional damage upon another person when you committed this residential entry. Now, that is something that is not taken lightly. That's emotional damage that very often is much more permanent or certainly in many cases more difficult to recover from than infliction of a physical injury. And I think that's quite apparent in this case, that you've inflicted a substantial amount [of] damage.

(Tr. 37).

In its sentencing statement, the trial court concluded:

The function of the court also in sentencing is to balance fairly the consideration of the nature of the offense with the character of the defendant, his relative age and the concerns of the community, as well, come into play somewhere in there. The plea agreement that has been submitted to the court is not insubstantial. It is a substantial plea agreement. It entails a guilty plea to two (2) felony charges. And that is not something that is to be taken lightly. It does not relate to the stalking offense [that was dismissed]. No one can force someone to plead guilty. And the court, in determining whether to accept a plea agreement, and that by its very nature involves the dismissal of another charge that is more serious, has to take into consideration whether or not there is sufficient opportunity for the judge in the course of the sentencing on the charges that are presented to the court, to address the severity of the offenses to which the defendant has admitted. And I think in this instance that that is in

fact the case, that this plea agreement presents to the court an opportunity to impose substantial punishment, but also to impose a period of probation to monitor this particular defendant to determine and protect the interests of the community. And that, Mr. Cox, you should be well advised that if you violate the probation orders that the balance of the jail time will certainly be there and would be imposed if those violations are proven. So, weighing the aggravating and the mitigating circumstances and recognizing that the aggravator that I cited, with regard to the protection order, applies only to the Residential Entry offense and citing also the additional aggravator that a totally suspended sentence would depreciate the seriousness of the crime, the court would indicate here that it has weighed the aggravating and mitigating circumstance and would note the mitigators that I have set forth regarding the absence of any kind of criminal history or juvenile record and the fact, of course, that the defendant has pled guilty, and would find that the following sentences and dispositions are appropriate: that under the 06 case, the charge of Theft, a Class D felony, that a term of imprisonment of three (3) years is imposed, that of that two (2) years shall be suspended and one (1) year would be served; and that a fine of One Dollar ($1.00) and court costs would be imposed and that a term of probation would be imposed of two (2) years. And that as a part of any probation order there would be—... [restitution ordered]. And that the defendant shall be required to follow all terms and conditions of probation, that the following— that this will be a joint probation order with 414, insofar as, that the probation orders will include a requirement for a psychological evaluation and to following any recommended course of treatment,

including a recommendation for counseling for batterers program. And that there be a restraining order, we'll call that a no contact order, NCO, in effect for [the victim in Case 414], and that will be on file and in the registry of the law enforcement of Steuben County and you cannot violate that order without a criminal charge being filed against you if you have any contact of any kind.... And other standard terms and conditions of probation will enter. Now, to be specific under case number 414, and consecutive to case number 06, the following sentence would apply: a one (1) year sentence under Count V, Resisting Law Enforcement, and a three (3) year sentence under the charge of Residential Entry, of which one (1) year would be suspended; a fine and court costs and an additional probation term of one (1) year under the same terms and conditions of probation.... A credit for time served of one hundred and fifty-six (156) days has been stated in the Pre–Sentence Investigation Report.

(Tr. 39–41).

The trial court identified two aggravating circumstances applicable to the attempted residential entry conviction: a fully suspended sentence would depreciate the seriousness of the offense, and that the offenses were committed while a protective order was in place. The latter was termed a "serious aggravating circumstance."

3. The abstract of judgment conflicts with the court's oral sentencing order. As noted above, the court stated "under case number 414 ... the following sentence would apply: ... a three (3) year sentence under the charge of Residential Entry, of which one (1) year would be suspended...." (Tr. 40–41). Although as analyzed in our DISCUSSION section the court did not abuse its discretion by imposing the maximum sentences in Case 414, the conflict between the abstract of judgment and the sentencing order requires remand for clarification of the judgment.

(Tr. 37). The trial court identified two mitigating factors applicable to all three convictions: Cox's lack of criminal history and the fact that he pleaded guilty thereby saving the State the time and costs associated with a trial.

For the attempted residential entry conviction, Cox received a three-year term of imprisonment with two years suspended, pursuant to the abstract of judgment.[3] Cox was placed on probation for one-year with special conditions for probation.[4] He received a one-year term of imprisonment for resisting law enforcement, to be served concurrently with the sentence for attempted residential entry. The sentences for Case 414 were ordered to be served consecutively to the sentence in Case 6.[5] The special terms of probation were the same for the theft conviction in Case 6 and the convictions in Case 414, including a no contact order as to the victim in Case 414 and appointments for an alcohol/substance abuse evaluation, a psychological/psychiatric evaluation, and for non-violence counseling. Also, Cox received credit for 156 days he was in jail prior to his sentencing.

## DISCUSSION

As noted above, the present appeal is directed only to the sentence Cox received in Case 414 for attempted residential entry, as a class D felony, and resisting law enforcement, as a class A misdemeanor. Cox complains that the trial court relied

4. Indiana Code § 35–50–2–2 provides rules for determining the appropriate probation periods when a sentence for a felony is suspended in part or whole.

5. Indiana Code § 35–50–1–2 provides rules for imposing consecutive sentences and mandates consecutive sentences "(d) If, after being arrested for one ... crime, a person commits another crime ... (2) while the person is released ... on bond."

upon one improper aggravating factor requiring vacation of his enhanced sentences or a remand for resentencing. Also, Cox urges that his sentences in Case 414 should be revised because they are inappropriate in light of the nature of the offenses and his character.

Cox was convicted of attempted residential entry as a class D felony. Indiana Code § 35–50–2–7(a) provides: "A person who commits a Class D felony shall be imprisoned for a fixed term of one and one-half (1½) years, with not more than one and one-half (1½) years added for aggravating circumstances or not more than one (1) year subtracted for mitigating circumstances...." Pursuant to Indiana Code § 35–50–3–2, Cox was subject to a fixed term of imprisonment of not more than one year for resisting law enforcement, as a class A misdemeanor. Thus, Cox received the maximum possible sentences for both convictions in Case 414.[6]

■■■ "A trial court is afforded broad discretion in determining a defendant's sentence." *Simmons v. State,* 746 N.E.2d 81, 89–90 (Ind.Ct.App.2001), *trans. denied.* Inasmuch as reasonable minds may differ because of the subjectivity inherent to sentencing decisions, it is generally not appropriate for a reviewing court to merely substitute its opinions for those of the trial court. *Buchanan v. State,* 767 N.E.2d 967, 970 (Ind.2002).

■■ Cox claims that one aggravating factor upon which the trial court relied to enhance his sentence was invalid, and that the two mitigating factors outweighed the one valid aggravating factor. The trial court stated that a lesser sentence would depreciate the seriousness of the crime. According to Cox, that factor would·not constitute a valid aggravating circumstance in the present case. Although that factor is listed within Indiana Code § 35–38–1–7.1(b), it is relevant only in support of a court's refusal to impose less than the presumptive sentence. *See, Pickens v. State,* 767 N.E.2d 530, 533 (Ind.2002). In essence, that was the case here. Defense counsel had urged the trial court to impose less than the presumptive sentence for attempted residential entry. The factor was relevant to the trial court's refusal to impose less than the presumptive sentence.

Cox does not challenge the validity of the other aggravating factor expressly identified as "serious" by the trial court: the offenses were committed while a protective order was in place. Also as set out in FACTS, the trial court explicitly addressed other aggravating circumstances, and implicitly relied upon those circumstances, when it enhanced Cox's sentence. In reviewing the balancing process, we will not overlook those circumstances including: the maliciousness of Cox's actions, the arrogance of violating the court's orders, that Cox terrorized the victim, and that

**6.** We are aware of the recent decision in *Beck v. State,* 790 N.E.2d 520 (Ind.Ct.App. 2003), wherein the majority determined that a suspended sentence fell within the trial court's discretion and noted: "while sentenced to the maximum sentence of 365 days, [the defendant] did not receive the maximum punishment of an executed sentence." at 523, Mattingly–May, J. concurring in result with opinion. As noted in the concurring in result opinion, there appears to be no case law recognizing a distinction between maximum punishment and maximum sentences. at 523. We decline to follow the rationale of the majority in *Beck.* In *Buchanan,* 767 N.E.2d at 973, our supreme court used the phrases interchangeably as though synonymous. Accordingly, our review of Cox's maximum sentences for attempted residential entry and resisting law enforcement is not altered by the fact that one year of the sentence for attempted residential entry was suspended.

Cox committed the crimes just five days after he had been released from jail for invasion of privacy when he was discovered at the victim's apartment looking in windows while carrying a pry bar.

■ An enhanced sentence must be supported by at least one valid aggravating factor. *See Ingle v. State,* 766 N.E.2d 392, 396 (Ind.Ct.App.2002) (one valid aggravating factor can support an enhanced sentence).

> When enhancing a sentence, a trial court is required to state its specific reasons for doing so. Accordingly, the court's sentencing statement must: (1) identify significant aggravating and mitigating circumstances, (2) state the specific reason why each circumstance is aggravating or mitigating, and (3) demonstrate that it balanced the aggravating and mitigating circumstances in reaching its sentence.

*Monegan v. State,* 756 N.E.2d 499, 501 (Ind.2001).

■ Here, the court explicitly found two aggravating factors, and implicitly found others. The court specifically assigned weight to one of the two aggravating factors it identified. The court termed Cox's violation of a protective order a "serious aggravating circumstance." (Tr. 37). The trial court detailed the circumstances and harm caused by Cox's actions. The court adequately stated its reasons for determining that the mitigating factors were outweighed by the aggravating factors.

■ We turn to Cox's contention that the sentences in Case 414 should be vacated or revised because they were too harsh given the circumstances and his character. Effective January 1, 2003, Indiana Appellate Rule 7(B) provides that we "may revise a sentence authorized by statute if, after due consideration of the trial court's decision, the Court finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender." App. R. 7(B). Because the rule is directed to the reviewing court, the amendment is applicable to review after January 1, 2003, even though the sentence was imposed prior to that date. *Kien v. State,* 782 N.E.2d 398, 416 (Ind.Ct.App. 2003).

When determining an appropriate sentence, a court must consider factors such as the risk a defendant will commit another crime, the nature and circumstances of the crime, and the defendant's criminal record, character and condition. Ind.Code § 35-38-1-7.1(a). The trial court specifically stated that it reviewed, considered, and found credible, the presentence investigation report that contained a recitation of the events surrounding the convictions. As noted above, the trial court detailed the circumstances and harm caused by Cox's actions. Also, the court was asked to consider Cox's letter to the court regarding his explanation of the occurrences to which he pleaded guilty.

The statutory framework as to sentencing specifically allows sentencing courts the flexibility to consider "any factor which reflects on the defendant's character, good or bad, in addition to those expressly set out in the rest of the statute." *Pickens,* 767 N.E.2d at 534; *see* Ind.Code § 35-38-1-7.1(a)(3)(B). Cox would have had the court sentence him by disregarding the knowledge of his character, the nature and circumstances of the crimes, and the risk that he would commit other crimes. The presentence investigation report, Cox's letter, and the circumstances reflected Cox's character: he violated the security of his ex-girlfriend by attempting to gain entry into her dwelling while a protective order was in place only five days after having been arrested for invasion of privacy. The nature and circumstances of the crimes

"demonstrate[d] a high level of criminal purposefulness and moral culpability." *Nicholson v. State,* 768 N.E.2d 443, 449 (Ind.2002).

Further, it was not inappropriate for the trial court to consider the implication of Cox's persistent antisocial behavior as exhibited by his commission of a series of distinct crimes. *Cf. Monegan,* 756 N.E.2d at 502–503 (four prior apprehensions demonstrated that defendant's antisocial behavior was not deterred by numerous encounters with law enforcement).

Here, the trial court did not abuse its discretion by imposing the maximum sentences for the convictions for attempted residential entry and resisting law enforcement. Cox has failed to demonstrate that based upon the circumstances and his character the sentence was inappropriate.

 The trial court's determination as to Cox's sentences for Case 414 were not inappropriate and the court did not abuse its discretion by imposing maximum sentences. However, the cause must be remanded for clarification of the judgment due to the conflict between the abstract of judgment and the court's oral sentencing order.

BAKER, J., concurs.

SULLIVAN, J., concurs in part and dissents in part.

SULLIVAN, Judge, concurring in part and dissenting in part.

The majority appears to place some significance upon our Supreme Court's use of the word "sentence" in the same context as the word "punishment" when considering the sentence imposed. *See Buchanan v. State,* 767 N.E.2d 967, 973 (Ind.2002). I do not agree that the words chosen in that case have meaningful significance because in that case the court was not considering a sentence which was suspended in part. Rather the court was considering a maximum fifty-year executed sentence imposed for a Class A felony. Therefore, the "punishment" was the same as the "sentence."

Nevertheless, in this regard, I am inclined to agree that as stated in Judge May's separate concurrence in *Beck v. State,* 790 N.E.2d 520 (Ind.Ct.App.2003) and as cited by the majority, a 365 day sentence for a Class A misdemeanor, "whether suspended or served in the Department of Correction, is the 'maximum sentence.' A year is still a year, and a sentence is still a sentence." at 523. To be sure, a suspended maximum sentence is less onerous in its penal impact upon a defendant than a fully executed sentence, but it is not a sentence for less than the maximum number of years called for by statute.[7]

In the case before us, in Case 414, Cox received the maximum one-year sentence for the Resisting Law Enforcement as a Class A misdemeanor and maximum three-year sentence for the Class D felony, Attempted Residential Entry. One year of the latter sentence was suspended. The record contains a request by counsel that the trial court consider giving less than the presumptive sentence.[8] *See Pickens v. State,* 767 N.E.2d 530 (Ind.2002).

---

7. The trial court seems to have viewed the matter of a suspended sentence in much the same light as does the majority in its discussion of *Beck v. State, supra.* The trial court stated that as to the Attempted Residential Entry conviction, "a totally suspended sentence would depreciate the seriousness of the crime...." at 523.

8. This is premised upon counsel's request that Naylor be sentenced to one year upon the Class D felony and six months for the Class A misdemeanor. As to the misdemeanor, the governing statute I.C. § 35–50–3–2 does not provide for a presumptive sentence but only that the sentence shall not exceed one year.

However, the court did not indicate that it was considering imposing less than the presumptive sentence despite that recommendation. Furthermore, the court did not indicate it was considering less than the full three-year sentence for the Class D felony, even though it was considering and did in fact suspend a portion thereof.[9] Accordingly, I do not believe that the depreciation of the seriousness of the offense aggravator is applicable as contemplated in *Ajabu v. State*, 722 N.E.2d 339 (Ind. 2000).

For the above reasons I do not agree with the majority that it was appropriate to consider as an aggravator that to give less than the maximum sentence would depreciate the seriousness of the crime. Nevertheless, consideration of this factor does not warrant reversal of the sentence because the court appropriately considered that Cox was in violation of a protective order when he committed this offense and that his pattern of conduct was persistent.

Subject to the separate observations set forth herein, I concur in affirmance of the sentences imposed as per the oral sentencing order and for remand in order to reconcile the abstract of judgment accordingly.

---

9. The sentence imposed, the maximum for each conviction, was precisely the sentence recommendation made by the State even to the extent that the State recommended suspension of one year on the three year Class D felony sentence.