## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Jun 07 2017, 5:58 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

| ATTORNEY FOR APPELLANT | ATTORNEYS FOR APPELLEE |
|---|---|
| Philip R. Skodinski<br>South Bend, Indiana | Curtis T. Hill, Jr.<br>Attorney General of Indiana<br><br>Tyler G. Banks<br>Deputy Attorney General<br>Indianapolis, Indiana |

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Rodney J. Applewhite,<br>*Appellant-Defendant,*<br><br>v.<br><br>State of Indiana,<br>*Appellee-Plaintiff* | June 7, 2017<br><br>Court of Appeals Case No.<br>71A03-1610-CR-2274<br><br>Appeal from the Saint Joseph<br>Superior Court<br><br>The Honorable Elizabeth C.<br>Hurley, Judge<br><br>Trial Court Cause No.<br>71D08-1504-F3-19 |

**Vaidik, Chief Judge.**

# Case Summary

[1]     Rodney Applewhite was convicted of Level 3 felony armed robbery.  The trial court sentenced him to six years, all suspended to probation, and ordered two of those years to be served on community corrections (to be served in a work-release facility with the opportunity to transition to home detention).  Applewhite now challenges the trial court's imposition of two years of community corrections as a condition of probation.  Finding no abuse of discretion, we affirm.

# Facts and Procedural History

[2]     In March 2015, Civon Green and Tony Dean went to a South Bend house to rob a marijuana dealer; Applewhite had previously purchased marijuana from this dealer and came up with the idea to rob him.  Green had an unloaded gun, and Dean had a towel rod from Applewhite's house.  When they entered the house, a party was occurring.  Green brandished the gun and Dean swung the rod in order to corral everyone, and they then grabbed a purse and fled without robbing the drug dealer (who apparently was not there).  Applewhite was waiting for them in the getaway car.

[3]     The State charged Applewhite with Level 3 felony armed robbery.  After a jury had been selected, Applewhite pled guilty.

[4]     At the sentencing hearing, the trial court "struggle[d] to figure out the right thing to do."  Tr. p. 6.  The court noted that Applewhite had no criminal

history and had been attending college and in the National Guard at the time of the offense. As the court put it, Applewhite's "life was on track to be something great," but he "jumped feet first into the criminal justice system with an armed robbery." *Id.* at 7. The court acknowledged that Applewhite did not go into the house and was "just the driver"; however, Applewhite was "involved in the planning"—indeed, the towel rod came from his house—and "knew what was happening." *Id.* The court found no aggravators. As mitigators, the court identified Applewhite's age (he was twenty years old at the time of the offense), lack of criminal history, and education. Although Applewhite pled guilty, the court did not give that fact much weight because he pled guilty after the jury had been selected. The court also gave Applewhite's role in the offense minimal weight since he was involved in the planning and execution. Accordingly, the court sentenced Applewhite to a below-advisory term of six years. *See* Ind. Code § 35-50-2-5 (sentencing range for Level 3 felony is three to sixteen years, with advisory term of nine years). The court suspended the entire sentence to probation but ordered that two years of the probation be supervised by St. Joseph County Community Corrections. Appellant's App. Vol. II p. 44. The court ordered this supervision to begin with placement in a work-release facility but told Applewhite that the corrections program "can change that level of supervision . . . if they find it appropriate" and that if he is successful they "can transition [him] down [to] home detention without coming back to court for court approval." Tr. p. 9.

[5] Applewhite now appeals.

# Discussion and Decision

[6] Citing Indiana Appellate Rule 7(B), Applewhite contends that his sentence is inappropriate in light of the nature of the offense and his character. However, Applewhite's actual challenge is to the condition of his probation that he spend two years on community corrections. *See* Appellant's Br. p. 9 (asking us to "eliminat[e] the probationary requirement of community corrections"). Such a challenge is subject to an abuse-of-discretion analysis.

[7] A trial court has broad discretion to impose conditions of probation. *Hevner v. State*, 919 N.E.2d 109, 113 (Ind. 2010). Probation is a matter of grace, not a right to which a defendant is entitled. *Prewitt v. State*, 878 N.E.2d 184, 188 (Ind. 2007). As such, trial courts can impose conditions of probation in an effort to safeguard the general public and to mold law-abiding citizens. *Cox v. State*, 792 N.E.2d 878, 884 (Ind. Ct. App. 2003).

[8] Here, Applewhite devised a plan to rob a marijuana dealer and was the driver of the getaway car. Although he did not enter the house, his accomplices had a towel rod and an unloaded gun that they used to corral the partygoers inside. The trial court acknowledged that there were many redeeming aspects to Applewhite's character: Applewhite, at age twenty, was a college student and a member of the National Guard with no criminal history who "jumped feet first into the criminal justice system with an armed robbery." Tr. p. 7. The court, however, had difficulty reconciling that person with the person who did "something really bad and dangerous and violent." *Id.* at 8. The court carefully

considered all these circumstances and crafted a below-advisory sentence, suspended it all to probation, and then ordered two of those years to be served on community corrections in a work-release facility with the opportunity for it to be downgraded to home detention. Given the seriousness of the offense, the trial court did not abuse its discretion in ordering Applewhite to serve two years on community corrections as a condition of his probation.

[9] Affirmed.

Bailey, J., and Robb, J., concur.