**Howard O. HOLLEN, Appellant**
**(Defendant below),**

v.

**STATE of Indiana, Appellee**
**(Plaintiff below).**

No. 13S01–0102–CR–107.

Supreme Court of Indiana.

Jan. 23, 2002.

William Daily, Danville, IN, Attorney for Appellant.

Steve Carter, Attorney General of Indiana, Christopher LaFuse, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

**ON PETITION TO TRANSFER**

SULLIVAN, Justice.

Although the Court of Appeals affirmed Defendant Howard O. Hollen's convictions and sentence, the State requests that we disapprove language in the opinion of Court of Appeals. We agree with the State that a trial court need not assign specific weight to each aggravating and mitigating circumstance. But we also agree with the Court of Appeals that such weighting can assist appellate review where the trial court has improperly employed one or more aggravating circumstances.

*Background*

■ Defendant in this case was convicted of Battery of a Law Enforcement Officer and Operating a Motor Vehicle While Intoxicated.[1] He raised three issues on appeal: that he should have been granted a mistrial on grounds of improper testimony by the arresting officer; that the trial court committed reversible error by admitting into evidence the arresting officer's probable cause affidavit; and that the trial court failed to consider and balance properly aggravating and mitigating circumstances when imposing sentence. The

---

1. Ind.Code § 35–42–2–1(2)(a) (1998); Ind.    Code § 9–30–5–2(b) (1998).

Court of Appeals analyzed and rejected each of these claims. *Hollen v. State*, 740 N.E.2d 149 (Ind.Ct.App.2000). We granted transfer to address the third of these claims.[2] *Hollen v. State*, 753 N.E.2d 6 (Ind.2001) (table).

## Discussion

In general, the Legislature has prescribed standard sentences for each crime, allowing the sentencing court limited discretion to enhance each sentence to reflect aggravating circumstances or reduce the sentence to reflect mitigating circumstances. The standard sentence for Battery here was 1–1/2 years which could have been enhanced by up to another 1–1/2 years. Ind.Code § 35–50–2–7(a) (1998). The standard sentence here for Operating a Motor Vehicle While Intoxicated was one year. Ind.Code § 35–50–3–2 (1998).

The trial court sentenced Defendant to two years for Battery and one year for Operating a Motor Vehicle While Intoxicated, to run concurrently. That is, the trial court imposed more than the standard sentence for the Battery conviction. The court supported the sentence with the following aggravating circumstances:

1. The probability that the Defendant will commit another crime.
2. The Defendant's lack of remorse.
3. That Defendant is unlikely to respond to probation.

The trial court also identified as a mitigating circumstance Defendant's lack of substantial criminal history.

■■■ The Court of Appeals reviewed each of these factors and concluded that the first and third were valid aggravating circumstances. The Court of Appeals also concluded that the trial court did not err by failing to find Defendant's mental health to be a valid mitigating circumstance. But the Court of Appeals did find the trial court's use of Defendant's purported lack of remorse to be improper.

We agree with the analysis of the Court of Appeals on each of these determinations.

After having made these determinations, the Court of Appeals found itself in the position of having to pass on Defendant's sentence while faced with a different constellation of aggravating and mitigating circumstances than those utilized by the trial court. This prompted Judge Bailey, writing for the Court of Appeals, to reflect upon the general rule that a single aggravator may support the full enhancement of the sentence.[3] Judge Bailey's reflections provoked a separate opinion from Judge Mattingly–May, a vigorous transfer petition from the State, and a grant of transfer from our court.

Here is what Judge Bailey said to provoke this reaction:

> Properly understood, the rule stands for the proposition that a trial court may impose a fully enhanced sentence upon an adequate showing of a single aggravating factor. The rule allows a trial court to focus on the factor or factors that truly warrant an enhanced sentence, without fear that a reviewing court will reverse the court's sentence for lack of sufficient aggravation. The rule should not, however, encourage trial courts imposing enhanced sentences to simply compile a list of virtually every

---

2. We summarily affirm the opinion of the Court of Appeals on the issues relating to the arresting officer's testimony and probable cause affidavit. Ind. Appellate Rule 58(A) (formerly App. R. 11(B)(3)).

3. Judge Baker joined Judge Bailey's opinion.

potentially aggravating factor, secure in the belief that even if some of the aggravators identified are later found to be invalid, a higher court will separate the wheat from the chaff and still uphold an enhanced sentence on the basis of the general rule that a single aggravator may support an enhanced sentence.

We reiterate that it is the trial court's job to identify valid aggravating and mitigating factors, explain why they qualify as such, weigh those factors, and articulate its reasons for imposing its sentence. When, as here, a trial court identifies a number of aggravating factors and explains that they support an enhanced sentence, we must assume that the court considered each factor to have some aggravating value. Unless the trial court either *assigns a specific weight to each aggravator in terms of the proportion of an enhancement,* or says that any one of the aggravators identified could individually support the enhancement, we are left to guess at the respective weight assigned to each factor. Without such guidance from the trial court, it is difficult, if not logically impossible, to affirm an enhanced sentence in its totality while at the same time invalidating a certain proportion of the factors specifically identified by the trial court as supporting that very enhanced sentence.

*Hollen,* 740 N.E.2d at 160–61 (emphasis added).

Judge Mattingly–May's separate opinion and the State's petition to transfer focus on what they term Judge Bailey's "suggestion that the trial court is obliged to assign to each aggravating factor a specific proportional weight." *Id.* at 162. They contend that such a requirement is inconsistent with the broad discretion enjoyed by trial court judges in, and the complexity of, sentencing. *Id.*

To the extent that the State requests that we confirm that a trial court judge is not obligated to assign to each aggravating circumstance a specific proportional weight, we do so.

At the same time, we are constrained to observe that we think that the State has focused on that language in Judge Bailey's opinion to the exclusion of its context. The opinion reiterated the long-standing rule that a single aggravating circumstance can be sufficient to sustain a sentence imposed using additional invalid aggravating circumstances. And it did not reverse the sentence imposed or even remand for new sentencing.

With some regularity, our court points out that when "a trial court relies upon aggravating circumstances to enhance the presumptive sentence, it must identify all significant circumstances, state the specific reasons why the circumstance is aggravating or mitigating, and articulate the court's evaluation and balancing of the circumstances." *Bowles v. State,* 737 N.E.2d 1150, 1154 (Ind.2000) (citing Ind.Code § 35–38–1–3 and *Bonds v. State,* 729 N.E.2d 1002, 1005 (Ind.2000)). Indeed, as this citation points out, the Legislature requires this of sentencing statements: "Before sentencing a person for a felony, the court must conduct a hearing to consider the facts and circumstances relevant to sentencing.... The court shall make a record of the hearing, including ... if the court finds aggravating circumstances or mitigating circumstances, a statement of the court's reasons for selecting the sentence it imposes." Ind.Code § 35–38–1–3(3) (1998).

We do not read Judge Bailey's opinion as mandating additional requirements for the required sentencing statement. Rather, we read it as a rather straightforward expression of the difficulty a

court on appeal has in reviewing an enhanced sentence where one or more aggravating circumstances have been improperly employed.[4]

It is no more than logic to say that, if one or more aggravating circumstances cited by the trial court are invalid, the court on appeal must decide whether the remaining circumstance or circumstances are sufficient to support the sentence imposed. Judge Bailey's opinion simply says that that determination is most easily made if the trial court has indicated the relative weight it assigned to the aggravators it listed in its sentencing statement. That Judge Bailey's opinion says no more than that is made clear by the approach the opinion takes following the language with which Judge Mattingly–May and the State took exception. The opinion goes on to conclude that, given the relative insignificance of the invalid aggravator, the absence of any new mitigators, and the minimal enhancement of the sentence imposed, the trial court's sentencing decision would have been the same without the invalid aggravator. *Hollen,* 740 N.E.2d at 161. We frequently take the same approach when we encounter an invalid aggravating circumstance, *see, e.g., McCann v. State,* 749 N.E.2d 1116, 1121 (Ind.2001); *Hawkins v. State,* 748 N.E.2d 362, 363 (Ind. 2001); *Hollins v. State,* 679 N.E.2d 1305, 1308 (Ind.1997); *Brown v. State,* 667 N.E.2d 1115, 1117 (Ind.1996), although reweighing pursuant to our review and revise power, *Long v. State,* 743 N.E.2d 253, 262 (Ind.2001), or remanding for new sentencing statement, *Wooley v. State,* 716 N.E.2d 919, 933 (Ind.1999), will sometimes be required.

■ In summary, we agree with Judge Mattingly–May and the State that a trial court judge is not required to assign in a statement accompanying an enhanced sentence specific weight to each aggravating and mitigating circumstance. But a reasonably detailed sentencing statement is required and assigning relative weights facilitates appellate review in those situations where one or more invalid aggravating circumstances have been utilized.

### *Conclusion*

Having previously granted transfer, we adopt the opinion of the Court of Appeals and affirm the judgment of the trial court.

SHEPARD, C.J., and DICKSON, BOEHM, and RUCKER, JJ., concur.

---

4. With somewhat greater frequency than we would like, we review claims for sentencing relief where the trial court has used improper aggravating circumstances to enhance a sentence. This is particularly the case when the sentencing court engages in "perfunctory recitation" of two statutory aggravating circumstances: "Imposition of a reduced sentence or suspension of the sentence and imposition of probation would depreciate the seriousness of the crime;" and "The person is in need of correctional or rehabilitative treatment that can best be provided by commitment of the person to a penal facility." *See Berry v. State,* 703 N.E.2d 154, 158 (Ind.1998) (need of correctional treatment); *Ector v. State,* 639 N.E.2d 1014, 1015–16 (Ind.1994) (depreciate seriousness); *Evans v. State,* 497 N.E.2d 919, 923 (Ind.1986) (depreciate seriousness).