Michael M. OUSLEY, Appellant–
Defendant,

v.

STATE of Indiana, Appellee.

No. 43A03–0307–CR–277.

Court of Appeals of Indiana.

May 3, 2004.

Susan K. Carpenter, Public Defender of Indiana, Tracy A. Nelson, Deputy Public Defender, Indianapolis, IN, Attorneys for Appellant.

Steve Carter, Attorney General of Indiana, Nicole M. Schuster, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

SULLIVAN, Judge.

Following remand for resentencing after successfully challenging his sentence on post-conviction review, Michael Ousley again challenges his sentence. He presents several issues for our review, which we restate as (1) whether the trial court properly considered aggravating and mitigating circumstances, and (2) whether the sentence is inappropriate.

We affirm.

In 1994, Ousley was found guilty and sentenced for the murder of his wife. At trial, the parties stipulated to the facts which led to the murder. Ousley and his

wife, along with their children, were en route to visit her parents when they began to argue. Ousley then returned the family to their home and ordered the children to go to the neighbor's house. After the children left, Ousley and his wife continued to fight, and Ousley called the neighbor to whose home the children had gone and told him to take care of the children because he and his wife would be dead soon. Ousley slit his wife's throat, shot her with a shotgun, and shot himself. After the police arrived at the Ousley home, they found Ousley alive and with a wound to the head and his wife dead.

Following his conviction, Ousley was sentenced to fifty years in the Department of Correction. At the time, the sentencing statute carried a presumptive sentence of forty years for the crime of murder, with not more than twenty years added for aggravating circumstances. Ind.Code § 35–50–2–3 (Burns Code Ed. Repl.1985). Upon post-conviction review, the court ordered Ousley to be resentenced because the trial court had failed to set forth aggravating and mitigating circumstances. The post-conviction court then ordered the appointment of a special judge, the very judge who originally sentenced Ousley, to resentence him. The special judge allowed new evidence to be presented for the purpose of resentencing but once again ordered that the sentence be fifty years. The trial court found one aggravating factor, the particular circumstances of the crime, and two mitigating factors, that the offense occurred under circumstances not likely to recur and that Ousley has made progress while in rehabilitation.

■ Before we begin review of Ousley's specific claims, we address a point presented by the State. Specifically, the State challenges the ability of a defendant to present new evidence with regard to his character and rehabilitation subsequent to the original sentencing. Relying upon *Ingle v. State*, 766 N.E.2d 392 (Ind.Ct.App. 2002), *trans. denied*, and *Edwards v. State*, 518 N.E.2d 1137 (Ind.Ct.App.1988), *trans. denied*, the State asserts that only evidence reflecting the conditions as they existed as of the date of the original sentencing may be considered.

In those cases, this court was called upon to determine whether a trial court erred in excluding certain evidence at a resentencing hearing. The excluded evidence was to show the defendant's character and rehabilitation after the imposition of the original sentence. Relying upon Ind.Code § 35–38–1–15, this court concluded that only evidence reflecting the conditions as they existed as of the date of the original sentence was admissible. *Ingle*, 766 N.E.2d at 395; *Edwards*, 518 N.E.2d at 1141. Consequently, we held that the trial court did not err in excluding the evidence. However, both *Edwards* and *Ingle* are inapposite here because I.C. § 35–38–1–15 does not control when a defendant is being resentenced following a successful post-conviction challenge to a sentence; rather, I.C. § 35–38–1–15 is applicable only when a defendant files a motion to correct an erroneous sentence. And as recently explained by our Supreme Court, a motion to correct erroneous sentence has a very limited and specific use.

In *Robinson v. State*, 805 N.E.2d 783 (Ind.2004), our Supreme Court made explicitly clear that a motion to correct erroneous sentence filed under I.C. § 35–38–1–15 is available only when the sentence is erroneous on its face, i.e., the error is clear from the face of the judgment imposing the sentence in light of the statutory authority. *Id.* at 787. As further explained by the Court, claims not apparent on the face of the judgment may be raised only in a direct appeal and in post-conviction proceedings where appropriate. *Id.* It logical-

ly follows that because the error to be corrected when a motion to correct erroneous sentence is filed is an error apparent on the face of the judgment, the trial court need not look outside of the judgment itself and there is no reason to review evidence of subsequent behavior. But while that logic holds true for a motion to correct erroneous sentence, courts may be faced with a different set of concerns when revising a sentence following a successful direct appeal or post-conviction challenge.

Indiana Post–Conviction Rule 1(10)(b) allows a trial court to impose a new sentence which is more severe than that originally imposed when a sentence has been set aside pursuant to a post-conviction challenge if the court's reasons for selecting the sentence include a reliance upon identifiable conduct on the part of the petitioner that occurred after the imposition of the original sentence. Thus, Ousley opines that because a trial court may increase the sentence based upon bad conduct after the original sentencing date, the trial court must be able to consider good behavior which occurred during the same time period. We agree. Post–Conviction Rule 1(10)(b) clearly contemplates that evidence of a defendant's conduct after the original sentencing date may be considered. While the Rule does not specifically state that a defendant may present evidence of subsequent good behavior, such may be read into the Rule considering that evidence of subsequent conduct must be presented in order for the trial court to determine whether a more severe sentence is warranted based upon the petitioner's conduct after the original sentence.

That a defendant may present evidence of subsequent good behavior is not strictly confined to Post–Conviction Rule 1(10)(b). Indiana Code § 35–38–1–17 (Burns Code Ed. Supp.2003) authorizes a trial court to modify a sentence such that the sentence is suspended or reduced after the trial court receives a report from the Department of Correction concerning the defendant's conduct while imprisoned. While the modification of a sentence under I.C. § 35–38–1–17 is in a different procedural posture from that seeking to have sentencing error corrected following a successful post-conviction challenge, our legislature has made clear the policy decision that conduct of a defendant subsequent to the original sentencing date may be considered in some circumstances. Given these considerations, the trial court did not err in allowing Ousley to present evidence of his behavior subsequent to the time of the imposition of the original sentence.

Turning to the specific issues presented by Ousley, he asserts that the trial court improperly considered as an aggravating factor the fact that Ousley attempted to kill himself after he killed his wife. The State counters that the trial court did not find that fact as an aggravator, but instead included that fact within a general description of the sole aggravating factor given— the particular circumstances of the crime. We agree with the State's assessment of the aggravating factor and thus we conclude that the trial court did not consider Ousley's attempted suicide, in itself, as an aggravating factor.

■ Ousley also challenges what he perceives to be trial court error in failing to consider several mitigating circumstances. It is well-settled that a trial court is not required to find mitigating circumstances; nor is it obligated to accept as mitigating each of the circumstances proffered by the defendant. *Powell v. State,* 751 N.E.2d 311, 317 (Ind.Ct.App.2001). Accordingly, the finding of a mitigating circumstance is within the trial court's discretion. *Groves v. State,* 787 N.E.2d 401, 409 (Ind.Ct.App.2003), *trans. denied.* A court does not err in failing to find mitiga-

tion when the presence of a mitigating circumstance is highly disputable in nature, weight, or significance. *Id.* However, when the trial court fails to find a significant mitigator which is clearly supported by the record, there is a reasonable belief that the mitigator was overlooked. *Powell,* 751 N.E.2d at 317.

▪ Ousley contends that the trial court failed to consider as a mitigating factor that he suffered from a mental illness. In doing so, he relies upon this court's decision in *Cox v. State,* 780 N.E.2d 1150 (Ind. Ct.App.2002). Furthermore, he correctly notes that it has been held that mental illness, especially if it has some connection to the crime involved, must be given some, and occasionally considerable, weight in mitigation. *Biehl v. State,* 738 N.E.2d 337, 340 (Ind.Ct.App.2000), *trans. denied.*

While we recognize those and other similar authorities, we conclude that Ousley's reliance upon them is misplaced. In *Biehl,* this court noted that when considering what weight to give to the evidence of a defendant's mental illness, the factors include: (1) the extent of the defendant's inability to control his or her behavior due to the disorder or impairment; (2) overall limitations on functioning; (3) the duration of the mental illness; and (4) the extent of any nexus between the disorder or impairment and the commission of the crime. *Id.* However, of critical importance to the holding in *Biehl* is that the defendant suffered from a longstanding mental illness that was connected to the crime for which Biehl was sentenced, so much so that Biehl was found to be guilty but mentally ill. *Id.* Indeed, in the cases in which our Supreme Court has said that a defendant is entitled to mitigating weight based upon a mental illness, the evidence of the illness was so pervasive throughout the proceedings that the defendant was found to be guilty but mentally ill. *See, e.g., Crawford v. State,*

770 N.E.2d 775, 782–83 (Ind.2002) (holding that evidence of verdict finding mental illness, combined with lack of criminal history, is a significant mitigating circumstance); *Gambill v. State,* 675 N.E.2d 668, 678 (Ind.1996) (holding that defendant who was found guilty but mentally ill was entitled to have mitigating weight applied to her mental illness because of the special circumstances of her case).

▪ In this case, Ousley was not found to be guilty but mentally ill. Therefore, the jury finding of mental illness which was made in *Crawford, Gambill,* and other similarly situated cases' is not present. Moreover, we are not convinced that the evidence establishes a mental illness such that it is required to be given mitigating weight. Ousley's view is that any evidence of mental illness requires that the trial court consider, and explicitly state as much, what weight it gives to the evidence of mental illness as a mitigating factor. We do not read the above cited cases and others dealing with the use of mental illness as a mitigating factor to require that it be considered and given weight at all times. Rather, mental illness is a mitigating factor to be used in certain circumstances, such as when the evidence demonstrates longstanding mental health issues or when the jury finds that a defendant is mentally ill.

It is Ousley's failure to recognize the special circumstances present in *Cox* which renders his reliance upon it also to be misplaced. In *Cox,* this court reviewed the failure of a trial court to consider whether defendant's history of mental illness should have been a mitigating circumstance. While no finding of mental illness was made, the evidence established that there was documented evidence that Cox had undergone psychiatric evaluations prior to his commission of the crime for which he was convicted. 780 N.E.2d at 1162. More

importantly, we were reviewing the claim of error under a prima facie error standard because the State did not challenge the issue upon appeal. *Id.* Given the evidence before the court, we concluded that Cox had established that the trial court committed prima facie error. *Id.*

We do not disagree that there was *some* evidence of Ousley suffering from a mental illness. Dr. Yehia Khoga, a psychiatrist, testified that he diagnosed Ousley as suffering from impulse control disorder, which he classified as a mental illness. In explaining Ousley's mental state at the time he killed his wife, Dr. Khoga stated that Ousley had difficulty controlling the impulse provoked by anger.[1] A second court-appointed psychiatrist, Dr. William Yee, also testified in regard to Ousley's mental state. However, he was unable to draw a clear conclusion as to Ousley's mental state at the time he killed his wife because Ousley was unable to remember his actions during the time he actually killed his wife. Nonetheless, Dr. Yee was able to conclude that Ousley knew right from wrong both immediately before and immediately after the period in which he killed his wife.

It may well be that the mental illness from which Ousley suffered contributed to his actions and that it was thus entitled to some minimal weight. Nonetheless, our concern upon appeal is to determine whether the trial court improperly overlooked a significant mitigating factor that is clearly supported by the record. *Legue*

*v. State,* 688 N.E.2d 408, 411 (Ind.1997). Furthermore, our Supreme Court has held that a defendant is not automatically entitled to any particular credit or deduction from an aggravated sentence even if he is found to be guilty but mentally ill. *Archer v. State,* 689 N.E.2d 678, 684 (Ind.1997). Given the nature of the testimony concerning Ousley's mental state, we conclude that Ousley was not entitled to have significant mitigating weight applied to the evidence of mental illness.[2]

■ Ousley also claims that the trial court failed to consider provocation as a mitigating factor. Indiana Code § 35–38–1–7.1(c)(5) (Burns Code Ed. Supp.2003) authorizes a trial court to consider as a mitigating factor that a defendant acted under strong provocation. The evidence here does not support consideration of provocation as a significant mitigating factor. While Ousley's wife may have fallen in love with another man and may have hit Ousley as they fought about him reading her diary, her actions were not so significant that the trial court was required to believe that Ousley's crime of cutting his wife's throat and shooting her with a shotgun was due mitigating weight as a crime caused by provocation.

■ Ousley asserts error in the trial court's failure to consider his remorse as a mitigating circumstance. Several family members, a professor who taught psychology classes through a Department of Correction program, and Ousley himself testified at the resentencing hearing about

---

**1.** Evidence established that the Ousleys had marital problems and that Ousley's wife had fallen in love with another man.

**2.** For the sake of appellate review and for a clearer understanding by defendants of their sentence, it would be beneficial if trial courts would state in their sentencing statements all aggravating and mitigating factors that were supported by the record and whether each is

entitled to nominal or significant weight. We do not intend to imply that trial courts must assign specific weight to each factor. Indeed, our Supreme Court has already held that such is not required. *Hollen v. State,* 761 N.E.2d 398, 402 (Ind.2002). However, in *Hollen,* our Supreme Court did recognize that assigning relative weights facilitates appellate review. *Id.*

Ousley's remorse for what he had done. Taking their statements at face value, it would appear that the trial court erred in failing to consider Ousley's remorse as a significant mitigating circumstance because it appears that Ousley accepts responsibility for what he has done and that he regrets his actions. Be that as it may, our review of whether Ousley was indeed remorseful is hampered by the inability to witness the emotions and feelings of the witnesses as they discussed Ousley's remorse. Furthermore, our belief that Ousley is truly remorseful is tempered by a statement made by Ousley when discussing his responsibility for his wife's death, i.e., "I still ask myself why didn't I just let her go. If not so I wouldn't have to spend all this time in prison." Sentencing Hearing Transcript at 33. Given this statement, we have no manner of concluding whether Ousley is truly remorseful for his crime and accepts the blame and responsibility for it or whether his regret may be attributed in large part to the punishment he has received. Thus, we will not conclude that the trial court abused its discretion in failing to find remorse as a mitigating circumstance. *See Price v. State,* 765 N.E.2d 1245, 1253 (Ind.2002) (holding no error in trial court's failure to accept remorse as a mitigating factor because the statement of remorse was equivocal).

■ The final contention Ousley presents in regard to the trial court failing to find proper mitigators is based upon the sentencing recommendations made by the victim's representatives, the children of his deceased wife and himself. Ousley's son testified that he believed his father should receive a shorter sentence. His daughter stated that she would like to see his sentence reduced, possibly to fifteen years.

■ Victims' or their representatives' sentencing recommendations are not mitigating or aggravating factors as those terms are used in the sentencing statute. *Brown v. State,* 698 N.E.2d 779, 782 (Ind. 1998). However, the court may consider them in determining what sentence to impose. I.C. § 35–38–1–7.1(a)(7); *Cruz Angeles v. State,* 751 N.E.2d 790, 799 (Ind.Ct. App.2001), *trans. denied.*

We know from the record that the recommendations were before the court. *See Cruz Angeles,* 751 N.E.2d at 799 (holding that trial court considered sentencing recommendation when it was admitted into evidence but appropriately rejected it as a mitigating factor). As presented by Ousley, our main concern is whether the trial court should have given the recommendations mitigating weight. By killing his wife and the children's mother, Ousley effectively deprived them of two parents, a mother who can never return and a father who they can have contact with only intermittently because he is incarcerated. We do not doubt that the children wished to have their father home, but given the circumstances, we cannot conclude that the trial court erred in failing to give the children's recommendations mitigating weight.

■ Ousley's final claim is that the sentence he received is inappropriate. A sentence which is authorized by statute will not be revised unless it is inappropriate in light of the nature of the offense and the character of the offender. *Kien v. State,* 782 N.E.2d 398, 416 (Ind.Ct.App. 2003), *trans. denied.* When considering the appropriateness of a sentence for the crime committed, courts should focus upon the presumptive sentence. *Id.* Courts may then deviate from the presumptive sentence based upon a balancing of the factors which must be considered pursuant to I.C. § 35–38–1–7.1(a) along with any other discretionary aggravating and mitigating factors found to exist. *Id.*

The presumptive sentence for a conviction for murder was forty years at the time that Ousley was convicted. Upon remand, the trial court continued to apply the sentencing statute in effect at the time of the conviction. Thus, Ousley received a sentence which was enhanced by ten years. Here, the trial court found one aggravating factor and two mitigating factors. As concluded above, none of the other mitigating factors proffered by Ousley were entitled to significant, if any, weight. Given the circumstances surrounding the manner in which Ousley killed his wife, we cannot conclude that the sentence he received is inappropriate. While it has become clear that Ousley is putting his life in order, as demonstrated by the trial court's finding that Ousley had made progress in rehabilitation, Ousley's change in his life is not sufficient to overcome what he has already done.

The judgment of the trial court is affirmed.

ROBB, J., and HOFFMAN, Sr. J., concur.