**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



**FILED**

Jun 05 2014, 5:51 am

*Kevin S. Smith*

**CLERK**
of the supreme court,
court of appeals and
tax court

APPELLANT PRO SE:

**CURTIS OAKES**
Michigan City, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**GEORGE P. SHERMAN**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| CURTIS OAKES, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 41A01-1308-PC-00379 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE JOHNSON CIRCUIT COURT
The Honorable K. Mark Loyd, Judge
Cause No. 41C01-1006-PC-00003

**June 5, 2014**

**MEMORANDUM DECISION – NOT FOR PUBLICATION**

**MATHIAS, Judge**

Curtis Oakes ("Oakes") pleaded guilty in Johnson Circuit Court to two counts of Class A felony child molesting and was sentenced to an aggregate term of sixty years executed in the Department of Correction. After this court affirmed his sentence on direct appeal, Oakes filed a petition for post-conviction relief claiming ineffective assistance of trial counsel. The post-conviction court denied Oakes's petition. Oakes appeals and claims that the trial court clearly erred in denying his petition for post-conviction relief.

## Facts and Procedural History

On March 20, 2008, Oakes pleaded guilty to two counts of Class A felony child molesting pursuant to a plea agreement that provided for a sentence with a cap of thirty years executed on each count. On April 22, 2008, the trial court sentenced Oakes to two consecutive terms of forty years on each count, with thirty years of each sentence to be executed in the Department of Correction and ten years of each sentence suspended to probation, for an aggregate sentence of sixty years executed.

On June 22, 2010, Oakes filed a pro se petition for post-conviction relief.[1] Nearly three years later, on March 7, 2013, Oakes filed an amended petition for post-conviction relief. In his amended petition, Oakes claimed that his trial counsel was ineffective for failing to investigate Oakes's mental health, failing to present mitigators at sentencing, and failing to advocate for a reasonable sentence that included mental health treatment. Oakes filed a motion to proceed by affidavit and cancel status hearing, which the trial

---

[1] Oakes, by counsel, filed a motion to stay proceedings on July 9, 2010.

2

court granted. Oakes filed his affidavit on July 8, 2013.[2] In his affidavit, Oakes stated, in

pertinent part:

> 7. At sentencing, the Court asked if I had anything to say to the Court before sentencing. I failed to speak up due to the nature of the charges and the numerous other jail inmates who were present in the courtroom. I would like to speak up now in this written affidavit.
>
> 8. I was involved in counseling sessions at Broad Ripple Counseling Center as recommended by [my psychiatrist]. For the first time I talked about my actions openly to a group of men who had succumbed to the same temptations. The sessions forced me to openly confess, to realize what I had done, and to understand the harm I had inflicted on others.
>
> * * *
>
> 13. My problems started early in life, prepubescent even. Influenced by my older brother, I played around with my younger half-sister and her cousin. When I was eleven, my mother married my second stepfather, who had two daughters. One was my age and the other was younger than my half-sister. My promiscuity continued until I joined the Navy, albeit off and on over ten years.
>
> * * *
>
> 15. My goal is to work in a counseling program in order to help other men who have succumbed to the same temptations, and I am hopeful that eventually my sentence could be modified to work in a counseling program where I could assist other men to understand and change their behavior.
>
> 16. I attended Broad Ripple [Counseling Center sessions] every Wednesday from the day I was referred until the day of my sentencing.
>
> * * *
>
> 18. I also admit that I will need to take additional counseling sessions in prison and on the street when I am released.
>
> * * *

---

[2] Oakes first filed his affidavit on June 13, 2013, but the trial court returned the affidavit to Oakes because it was unsigned.

21. Now I realize more than ever how I have hurt everyone and betrayed their trust in me. I cannot find the words to describe the self-loathing that I felt during counseling, and at one point, I seriously considered suicide, thinking that the world would be better off without me.

* * *

26. I am asking the court to please run my sentences concurrently instead of consecutively, as the court has discretion to order the sentences concurrent.

Appellant's App. pp. 21-23.

On August 9, 2013, the post-conviction court issued an order denying Oakes's petition for post-conviction relief. Oakes now appeals.

**Discussion and Decision**

Post-conviction proceedings are not "super appeals" through which convicted persons can raise issues they failed to raise at trial or on direct appeal. McCary v. State, 761 N.E.2d 389, 391 (Ind. 2002). Rather, post-conviction proceedings afford petitioners a limited opportunity to raise issues that were unavailable or unknown at trial and on direct appeal. Davidson v. State, 763 N.E.2d 441, 443 (Ind. 2002). A post-conviction petitioner bears the burden of establishing grounds for relief by a preponderance of the evidence. Henley v. State, 881 N.E.2d 639, 643 (Ind. 2008). On appeal from the denial of post-conviction relief, the petitioner stands in the position of one appealing from a negative judgment. Id. To prevail on appeal from the denial of post-conviction relief, the petitioner must show that the evidence as a whole leads unerringly and unmistakably to a conclusion opposite that reached by the post-conviction court. Id. at 643-44.

4

Oakes claims that the trial court erred in concluding that he was not denied the effective assistance of trial counsel. The law regarding claims of ineffective assistance of trial counsel was summarized in Timberlake v. State as follows:

> A defendant claiming a violation of the right to effective assistance of counsel must establish the two components set forth in Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). First, the defendant must show that counsel's performance was deficient. This requires a showing that counsel's representation fell below an objective standard of reasonableness, and that the errors were so serious that they resulted in a denial of the right to counsel guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. To establish prejudice, a defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome.
>
> Counsel is afforded considerable discretion in choosing strategy and tactics, and we will accord those decisions deference. A strong presumption arises that counsel rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment. The Strickland Court recognized that even the finest, most experienced criminal defense attorneys may not agree on the ideal strategy or the most effective way to represent a client. Isolated mistakes, poor strategy, inexperience, and instances of bad judgment do not necessarily render representation ineffective. The two prongs of the Strickland test are separate and independent inquiries. Thus, [i]f it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice . . . that course should be followed.

753 N.E.2d 591, 603 (Ind. 2001) (citations and quotations omitted). We address both prongs of the Strickland analysis below.

### A. Deficient Performance

Oakes claims that his trial counsel's performance was deficient because counsel failed to adequately investigate Oakes's mental health issues and raise them as a mitigating circumstance at sentencing. In his brief, Oakes asserts that he:

> spent 10 years in the United States Navy, and traveled to many foreign countries, including Thailand, Guam, Japan, Korea, Singapore, Hong Kong, and Australia. In adopting the practices and customs of a foreign county while in the Navy, Oakes did not realize at the time that his actions were symptomatic of a serious mental illness, and that similar actions in the United States would be prosecuted instead of overlooked and ignored.

Appellant's Br. at 5.

However, Oakes waives this argument because he fails to cite to any evidence in the record that would support his argument. See Johnson v. State, 675 N.E.2d 678, 681 n.1 (Ind. 1996) (observing that the defendant failed to cite to the record and "[o]n review, this Court will not search the record to find grounds for reversal"); Keller v. State, 549 N.E.2d 372, 373 (Ind. 1990) (holding that a court which must search the record and make up its own arguments because a party has presented them in perfunctory form runs the risk of being an advocate rather than an adjudicator); Haddock v. State, 800 N.E.2d 242, 245 n.5 (Ind. Ct. App. 2003) (noting that "we will not, on review, sift through the record to find a basis for a party's argument"); Ind. Appellate Rule 46(A)(8)(a).

Waiver notwithstanding, Oakes still would not prevail. The record reveals neither evidence to support Oakes's claim of mental illness relevant to his sentencing nor evidence regarding the steps Oakes's trial counsel took or failed to take to investigate Oakes's claimed mental health problems. Indeed, Oakes presented no evidence at all, except for his own affidavit, in support of his claims for post-conviction relief. His

6

affidavit makes no statement regarding any deficiency in his trial counsel's performance and no mention of any mental health issues, other than Oakes's counseling sessions after the commission of his crimes and suicidal thoughts after his incarceration. Because Oakes failed to submit any evidence to the post-conviction court from which to evaluate his trial counsel's performance, the only way that the post-conviction court could have concluded that Oakes received ineffective assistance of counsel would have been to speculate as to better strategies at trial, which the court could not do. See McChristion v. State, 511 N.E.2d 297, 300 (Ind. 1987).

Under these facts and circumstances, we are unable to say that the performance of Oakes's counsel fell below an objective standard of reasonableness. See Roche v. State, 690 N.E.2d 1115 (Ind. 1997) (defense counsel did not provide ineffective assistance by failing to present evidence of defendant's mental health during penalty phase of murder trial where there was only marginally supportive evidence that defendant suffered from any mental impairment at time of offenses that would rise to level of mitigating circumstance). But even if Oakes's counsel's performance was deficient, this does not mean that Oakes would prevail.

### B. Prejudice

As noted above, even if counsel's performance is deficient, the defendant must still prove that this deficient performance prejudiced the defense. Timberlake, 753 N.E.2d at 603. Here, Oakes argues that he was prejudiced by his trial counsel's failure to investigate Oakes's mental health history and present his mental health problems as mitigators at sentencing.

Certainly, a defendant's mental illness can be a mitigating factor in sentencing. Ousley v. State, 807 N.E.2d 758, 762 (Ind. Ct. App. 2004). But this does not mean that a defendant's claim of mental illness is automatically to be given significant mitigating weight. The mitigating weight to be given to a defendant's mental illness depends upon: (1) the extent of the defendant's inability to control his or her behavior due to the disorder or impairment; (2) overall limitations on the defendant's functioning; (3) the duration of the mental illness; and (4) the extent of any nexus between the disorder or impairment and the commission of the crime. Id. Oakes offered no evidence, other than his own affidavit, to the post-conviction court tending to show any nexus between his claimed mental illness and his crimes. And his affidavit asserts only that he has been promiscuous for most of his life and sought counseling and considered suicide after the commission of his crimes, not that any mental health problem contributed to his criminal conduct.

Under these facts and circumstances, even if we assume that Oakes's trial counsel's performance was deficient, Oakes has not established that he was prejudiced by counsel's performance, i.e., that he would have received a different, more lenient sentence but for his trial counsel's deficient performance.

**Conclusion**

For all of these reasons, we conclude that post-conviction court did not clearly err in denying Oakes's petition for post-conviction relief.

Affirmed.

FRIEDLANDER, J., and PYLE, J., concur.

8