**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



ATTORNEY FOR APPELLANT:

**MARK SMALL**
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**JODI KATHRYN STEIN**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| TERENCE W. LOWERY, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 54A05-1402-CR-85 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE MONTGOMERY CIRCUIT COURT
The Honorable Harry A. Siamas, Judge
Cause No. 54C01-0903-FA-39

**September 18, 2014**

**MEMORANDUM DECISION – NOT FOR PUBLICATION**

**BAKER, Judge**

Terence Lowery appeals his twenty-year executed sentence that was imposed following his guilty plea to one count of Child Molesting as a class A felony[1] and one count of Sexual Misconduct with a Minor as a class B felony.[2] Lowery argues that the trial court erred when it failed to adequately consider his lack of criminal record and mental health during sentencing. Finding that the trial court did not abuse its discretion in sentencing Lowery, we affirm.

## FACTS

Lowery is A.B's uncle. In February and October 2006, Lowery engaged in sexual intercourse with A.B. on multiple occasions and in different locations. A.B. was thirteen and Lowery was twenty-six. From October 2006 until October 2008, Lowery continued to have sexual intercourse with A.B. at multiple locations, including North Montgomery High School, where A.B. was a student and Lowery was a custodian. In March 2009, A.B. told the police about the molestation.

On March 25, 2009, the State charged Lowery with two counts of child molesting as a class A felony and two counts of sexual misconduct with a minor as a class B felony. Under a written plea agreement, Lowery pleaded guilty to one count of class A felony child molesting and one count of sexual misconduct with a minor, with a twenty-year cap on the executed sentence.

---

[1] Ind. Code § 35-42-4-3

[2] I.C. § 35-42-4-9

On November 6, 2009, the trial court held a combined guilty plea and sentencing hearing. During sentencing, the trial court considered Lowery's lack of criminal history and his cooperation with law enforcement as mitigating factors. The trial court found the following aggravating factors: 1) the age difference between Lowery and A.B., 2) the fact that Lowery was related to A.B., and 3) the length of time spanning the incidents and the number of incidents. The trial court found that the aggravating factors outweighed the mitigating factors and sentenced Lowery to thirty years with ten years suspended for the class A felony child molesting conviction and to twenty years for the class B sexual misconduct with a minor conviction. The sentences were ordered to run concurrently for an aggregate executed sentence of twenty years.

Lowery now appeals.

DISCUSSION AND DECISION

Lowery argues that the trial court erred when it sentenced him to an executed term of twenty years, which was the cap in his plea agreement with the State. He contends that, in doing so, the trial court did not adequately consider the mitigating factors or his mental health.

Sentencing decisions rest within the sound discretion of the trial court and are reviewed on appeal only for an abuse of discretion. Anglemyer v. State, 868 N.E.2d 482, 490 (Ind. 2007), clarified on reh'g, 875 N.E.2d 218 (Ind. 2007). Indeed, a trial court "may impose any sentence that is: (1) authorized by law; and (2) permissible under the Constitution of the State of Indiana ... regardless of the presence or absence of

3

aggravating circumstances or mitigating circumstances." Ind. Code § 35-38-1-7.1(d). A trial court abuses its sentencing discretion if its decision is clearly against the logic and effect of the facts and circumstances before it, or the reasonable, probable, and actual deductions to be drawn therefrom. Childress v. State, 848 N.E.2d 1073, 1078 (Ind. 2006).

When imposing the sentence, a trial court is not obligated to find a circumstance to be mitigating merely because it is advanced as such by the defendant. Felder v. State, 870 N.E.2d 554, 558 (Ind. Ct. App. 2007). An allegation that the trial court failed to identify or find a mitigating factor requires the defendant to establish that the mitigating evidence is both significant and clearly supported by the record. Anglemyer, 868 N.E.2d at 493. A trial court does not abuse its discretion by failing to consider a mitigating factor not argued at sentencing, and it has no obligation to weigh aggravating and mitigating factors against each other. Id. at 491–92.

Lowery argues that the trial court did not give adequate weight to the mitigating factors it identified at his sentencing hearing. Lowery does not argue that the trial court did not weigh his lack of criminal history or his cooperation with law enforcement; he simply argues that these factors should have been given more weight. However, our Supreme Court has noted that, when imposing a sentence, a trial court has no obligation to weigh aggravating and mitigating factors against each other. Kimbrough v. State, 979 N.E.2d 625, 629 (Ind. 2012). Nor is the trial court required to give the same weight to a mitigating factor as a defendant would have. Rogers v. State, 878 N.E.2d 269, 272 (Ind.

4

Ct. App. 2007). Here, the trial court did weigh the aggravating and mitigating factors; it found that the aggravating factors—the age difference between Lowery and A.B., the fact that Lowery was related to A.B, and the length of time spanning the incidents and the number of incidents—outweighed the mitigating factors. We will not find that the trial court erred in weighing the mitigating and aggravating factors simply because it did not give the mitigating factors the weight Lowery would have liked.

Lowery also contends that the trial court erred when it did not consider his mental health as a mitigating factor. He argues that the trial court should have considered mental illness as a mitigating factor because 1) the trial noted that he had trouble in high school because of a learning disability and ADD or ADHD, 2) an exhibit presented by Lowery showed that a mental health assessment done at Marion County Jail found that Lowery was suffering from depression, cocaine dependence, and cannabis abuse, and 3) Lowery was molested when he was fourteen. Tr. p. 68; Ex. A; PSR p. 53.

Lowery relies upon Cox v. State, 780 N.E.2d 1150 (Ind. Ct. App. 2002), to support his argument. He correctly notes that, where documented, mental illness, especially if it has some connection to the crime involved, must be given some, and sometimes considerable, weight in mitigation. Id. at 1162 (citing Biehl v. State, 738 N.E.2d 337, 340 (Ind. Ct. App. 2000)).

While we recognize this authority, Lowery's reliance on Cox is misplaced. In Biehl v. State, this Court noted that, when considering what weight to give to the evidence of a defendant's mental illness, the factors include: (1) the extent of the

5

defendant's inability to control his or her behavior due to the disorder or impairment; (2) overall limitations on functioning; (3) the duration of the mental illness; and (4) the extent of any nexus between the disorder or impairment and the commission of the crime. 738 N.E.2d at 340. Additionally, in Ousley v. State, 807 N.E.2d 758, 762 (Ind. Ct. App. 2004), we noted that:

> [O]f critical importance to the holding in Biehl is that the defendant suffered from a longstanding mental illness that was connected to the crime for which Biehl was sentenced, so much so that Biehl was found to be guilty but mentally ill. Indeed, in the cases in which our Supreme Court has said that a defendant is entitled to mitigating weight based upon a mental illness, the evidence of the illness was so pervasive throughout the proceedings that the defendant was found to be guilty but mentally ill.

(internal citations removed). Therefore, this Court has determined that mental illness is a mitigating factor that is not required to be given weight at all times; rather, it is a mitigating factor to be used in certain circumstances, such as when the evidence demonstrates longstanding mental health issues or the jury finds that a defendant is mentally ill. Id.

Here, there is scant evidence to show that Lowery might be suffering from longstanding mental health issues, and the jury did not find him to be mentally ill. Moreover, when considering the four Biehl factors, Lowery does not argue that his mental health impaired his ability to control his behavior, that it impaired his ability to function, or that there was any nexus between his mental health and the commission of his crimes. Indeed, Lowery presents no evidence that he had a serious mental illness.

6

Under these circumstance, we find that the trial court was not required to consider mental illness as a factor in sentencing Lowery.

The judgment of the trial court is affirmed.

KIRSCH, J., and ROBB, J., concur.