## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Sep 04 2015, 8:39 am

**CLERK**
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT

Mark Small
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Justin F. Roebel
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Jonathan Paul Graham, *Appellant-Defendant,* | September 4, 2015 |
| | Court of Appeals Cause No. 54A01-1502-CR-61 |
| v. | Appeal from the Montgomery Superior Court |
| State of Indiana, *Appellee-Plaintiff.* | The Honorable Heather Dennison, Judge |
| | Cause No. 54D01-1410-F6-3649 |

**Riley, Judge.**

## STATEMENT OF THE CASE

[1] Appellant-Defendant, Jonathan Graham (Graham), appeals his sentence after pleading guilty to one Count of possession of paraphernalia, a Class A misdemeanor, Ind. Code § 35-48-4-8.3(a)(1); two Counts of contributing to the delinquency of a minor, I.C. § 35-46-1-8(a), Class A misdemeanors; and one Count of maintaining a common nuisance, a Level 6 felony, I.C. § 35-48-4-13(b)(1).

[2] We affirm.

## ISSUE

[3] Graham raises one issue on appeal, which we restate as: Whether the trial court abused its sentencing discretion by failing to consider Graham's guilty plea and mental illness as mitigating factors.

## FACTS AND PROCEDURAL HISTORY

[4] On October 31, 2014, the Department of Child Services (DCS) received a report that on October 21, 2014, Graham had smoked marijuana with his fifteen-year-old step-daughter, J.L., and also with J.L.'s friends, D.C., aged fourteen, and B.C., aged fifteen, in Graham's apartment in Crawfordsville, Indiana. On the same day, DCS went to the apartment to investigate. When they questioned Graham and his wife, Krystal Graham (Krystal), about the claims, they both denied the allegations. While speaking with the adults, J.L. arrived and agreed to speak privately with DCS. J.L. admitted that she smoked marijuana with

Graham. Again, DCS questioned Graham and Krystal, and Graham admitted to the accusations.

[5] On the same day, the State filed an Information, charging Graham with Count I, possession of paraphernalia, a Class A misdemeanor; Count II, possession of marijuana, a Class A misdemeanor; Counts III, IV, and V, contributing to the delinquency of a minor, Class A misdemeanors; Count VI, neglect of a dependent, a Level 6 felony; and Count VII, maintaining a common nuisance, a Level 6 felony.

[6] On February 5, 2015, Graham entered into a plea agreement with the State where he admitted to Counts I, IV, V, and VII, in exchange for the State's dismissal of Counts II, III, and VI. The plea agreement left Graham's sentence to the trial court's discretion. The trial court then held Graham's guilty plea hearing, and Graham admitted the factual basis for his plea. Graham's sentencing hearing was heard on the same day. As for aggravating factors, the trial court identified Graham's juvenile adjudication for theft and forgery as well as seven felonies and five misdemeanor convictions as an adult. In addition, the trial court identified Graham's long use of drugs dating back to his teenage years. The trial court found no mitigating circumstances. For Counts IV, and V, the trial court sentenced Graham to concurrent sentences of one year each in the Montgomery County Jail. On Count I, the court sentenced Graham to a consecutive term of one year in the Montgomery County jail. As for Count VII, the trial court sentenced Graham to a consecutive sentence of two and one-half years in the Department of Correction. Graham's aggregate sentence was

four and one-half years but the trial court suspended two and one-half years to years to probation.

[7] Graham now appeals. Additional facts will be provided as necessary.

## DISCUSSION AND DECISION[1]

[8] Graham argues that the trial court abused its discretion when sentencing him because it overlooked two potential mitigating factors: his guilty plea and his mental health issues. We cannot agree.

[9] To show that a trial court failed to identify or find a mitigating factor, the defendant must establish that the mitigating evidence is both significant and clearly supported by the record. *Anglemyer v. State*, 868 N.E.2d 482, 493 (Ind. 2007), *clarified on reh'g*, 875 N.E.2d 218 (Ind. 2007). While a failure to find mitigating circumstances clearly supported by the record may imply that the sentencing court improperly overlooked them, the court is obligated neither to credit mitigating circumstances in the same manner as would the defendant, nor to explain why it has chosen not to find mitigating circumstances. *Roush v.*

---

[1] Pursuant to Indiana Administrative Rule 9(G)(2)(b) and Indiana Code section 35-38-1-13, the presentence investigation (PSI) report must be excluded from public access. However, in this case, the information contained in the PSI report "is essential to the resolution" of Graham's claims on appeal. Ind. Admin. Rule 9(G)(7)(a)(ii)(c). Accordingly, we have included confidential information in this decision only to the extent necessary to resolve the appeal.

*State*, 875 N.E.2d 801, 811 (Ind. Ct. App. 2007).  Our supreme court has noted that "[i]f the trial court does not find the existence of a mitigating factor after it has been argued by counsel, the trial court is not obligated to explain why it has found that the factor does not exist." *Smith v. State*, 770 N.E.2d 818, 822–23 (Ind. 2002).

[10]  Turning to Graham's first claim, we note that although a guilty plea may be a mitigating circumstance, it "does not rise to the level of significant mitigation where the defendant has received a substantial benefit from the plea or where the evidence against him is such that the decision to plead guilty is merely a pragmatic one." *Barker v. State*, 994 N.E.2d 306, 312 (Ind. Ct. App. 2013).  Here, there was overwhelming evidence of Graham's guilt such that the decision to plead guilty was merely pragmatic.  Moreover, Graham received a substantial benefit in return for the guilty plea: the State dismissed three of the charges, half of his sentence was suspended, and the trial court ordered concurrent sentences for Counts IV and V.  *See McElroy v. State*, 865 N.E.2d 584, 591 (Ind. 2007) (holding that receiving concurrent sentences was a substantial benefit).  Accordingly, the trial court did not abuse its discretion when it did not find that Graham's guilty plea was a mitigating factor.

[11]  Lastly, Graham challenges the trial court's denial that his mental illness was a mitigating circumstance.  This court has held that a defendant's mental illness can be a mitigating factor in sentencing.  *Ousley v. State*, 807 N.E.2d 758, 762 (Ind. Ct. App. 2004).  But this does not mean that a defendant's claim of mental illness is automatically to be given significant mitigating weight.  *Id*.  The

mitigating weight to be given to a defendant's mental illness depends upon: (1) the extent of the defendant's inability to control his or her behavior due to the disorder or impairment; (2) overall limitations on the defendant's functioning; (3) the duration of the mental illness; and (4) the extent of any nexus between the disorder or impairment and the commission of the crime. *Id.*

[12] At the sentencing hearing, Graham stated that he suffered from depression, anxiety, post-traumatic stress, and paranoid schizophrenia. Graham also stated that he met weekly with his mental health providers at Wabash Valley to maintain and manage his mental health issues. The trial court recognized Graham's mental issues but found that Graham's self-serving statements regarding his mental illness were "somewhat questionable" when "taken in conjunction with other documents." (Transcript p. 41). Also, Graham had not provided the trial court with any documentation substantiating his claim that his was seeing anyone for his mental health issues at Wabash Valley. Moreover, it was not clear how many sessions Graham had attended or if the sessions were regular. Additionally, the trial court found that Graham's lengthy substance abuse negatively affected his mental health.

[13] In addition, when considering the four *Ousley* factors, Graham does not argue that his mental illness impaired his ability to control his behavior, that it impaired his ability to function, or that there was any nexus between his mental health and the commission of his crimes. The other factor is duration of the mental illness. Under these circumstance, we find that the trial court was not required to consider mental illness as a factor in sentencing Graham.

## CONCLUSION

[14] Based on the foregoing, we conclude that trial court did not abuse its discretion by failing to consider Graham's guilty plea and mental illness as mitigating factors in sentencing Graham.

[15] Affirmed.

[16] Friedlander, Sr. J. and Brown, J. concur