## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Mar 20 2019, 7:38 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Evan K. Hammond
Marion, Indiana

Nathan D. Meeks
Marion, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Laura R. Anderson
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Andrew Lee Swain,
*Appellant-Defendant,*

v.

State of Indiana,
*Appellee-Plaintiff.*

March 20, 2019

Court of Appeals Case No.
18A-CR-1838

Appeal from the Grant Superior Court

The Honorable Jeffrey D. Todd, Judge

Trial Court Cause Nos.
27D01-1707-F5-94
27D01-1712-F6-652
27D01-0906-FA-124

**Najam, Judge.**

# Statement of the Case

Andrew Lee Swain appeals his sentence following the revocation of his probation and his guilty plea to escape, as a Level 5 felony, and unlawful possession of a syringe, as a Level 6 felony. He raises two issues for our review, which we restate as follows:

> 1. Whether the trial court abused its discretion when it sentenced him.
>
> 2. Whether his sentence is inappropriate in light of the nature of the offenses and his character.

We affirm.

# Facts and Procedural History

In July 2016, after completing the executed portion of a twenty-year sentence with five years suspended to probation for multiple felonies pursuant to a plea agreement, Swain entered into a participation agreement for reentry intensive supervision court ("RISC"). Subsequently, while still participating in RISC, Swain began using methamphetamine and cocaine "day in and day out." Tr. at 22. On February 17, 2017, Swain attended a trial court hearing while under the influence of methamphetamine and cocaine. The trial court ordered that Swain "be confined," but Swain fled when officers attempted to place him in custody. *Id.* at 9. Consequently, on July 25, the State charged Swain with escape, as a Level 5 felony.

In the meantime, on May 31, the probation department filed an amended petition to terminate Swain's participation in RISC based on several alleged violations, including failed drug screens. And on December 22, the State charged Swain with unlawful possession of a syringe with intent to commit an offense, a Level 6 felony. On January 5, 2018, the probation department filed a petition to revoke Swain's probation.

On June 7, Swain pleaded guilty to escape and possession of a syringe, and he admitted to violating the terms of his probation. Following a sentencing hearing on July 5, the trial court gave considerable mitigating weight to Swain's guilty plea without the benefit of a plea agreement. The trial court found Swain's criminal history, including his probation violation, to be an aggravating factor. The trial court then sentenced Swain to three years for escape and one year for unlawful possession of a syringe. And the court ordered Swain to serve three years executed for his probation violation. The trial court ordered the escape and probation violation sentences to run consecutively and the possession sentence to run concurrently for an aggregate term of six years. This appeal ensued.

## Discussion and Decision

### *Issue One: Abuse of Discretion*

Swain first contends that the trial court abused its discretion when it sentenced him. Sentencing decisions rest within the sound discretion of the trial court and receive a considerable amount of deference. *Cardwell v. State*, 895 N.E.2d 1219,

1222 (Ind. 2008). An abuse of discretion occurs if the decision is "clearly against the logic and effect of the facts and circumstances before the court, or the reasonable, probable, and actual deductions to be drawn therefrom." *Gross v. State*, 22 N.E.3d 863, 869 (Ind. Ct. App. 2014) (citation omitted), *trans. denied*.

[7] A trial court abuses its discretion in sentencing if it does any of the following:

> (1) fails "to enter a sentencing statement at all;" (2) enters "a sentencing statement that explains reasons for imposing a sentence—including a finding of aggravating and mitigating factors if any—but the record does not support the reasons;" (3) enters a sentencing statement that "omits reasons that are clearly supported by the record and advanced for consideration;" or (4) considers reasons that "are improper as a matter of law."

*Id.* (quoting *Anglemyer v. State*, 868 N.E.2d 482, 490-491 (Ind.), *clarified on reh'g on other grounds*, 875 N.E.2d 218 (Ind. 2007)). However, "the relative weight or value assignable to reasons properly found, or to those which should have been found, is not subject to review for abuse of discretion. *Sandleben v. State*, 22 N.E.3d 782, 796 (Ind. Ct. App. 2014), *trans. denied*.

[8] It is well settled that

> a finding of mitigating circumstances . . . lies within the trial court's discretion. The court need not state in the record those mitigating circumstances that it considers insignificant. And the trial court is not obligated to explain why it did not find a factor to be significantly mitigating. Nor is the sentencing court required to place the same value on a mitigating circumstance as does the defendant.

*Id.* at 796-97. Further, "'[i]f the trial court does not find the existence of a mitigating factor after it has been argued by counsel, the trial court is not obligated to explain why it has found that the factor does not exist.'" *Anglemeyer*, 868 N.E.2d at 493 (quoting *Fugate v. State*, 608 N.E.2d 1370, 1374 (Ind. 1993)).

[9] Here, Swain asserts that the trial court abused its discretion when it did not find his mental illness to be a mitigating circumstance. This court has previously held that mental illness need not be considered and given mitigating weight in every case. *Ousley v. State*, 807 N.E.2d 758, 762 (Ind. Ct. App. 2004). "Rather, mental illness is a mitigating factor to be used in certain circumstances, such as when the evidence demonstrates longstanding mental health issues or when the jury finds that a defendant is mentally ill." *Id.*

[10] Swain has not shown that his alleged mental illness was such that it warranted mitigating weight as a matter of law. Indeed, Swain mentioned his PTSD only in passing during the sentencing hearing, and he does not direct us to any part of the sentencing transcript showing that he proffered his mental illness as a mitigator. Swain did not present medical records or other evidence to show either that he had been diagnosed with PTSD by a medical doctor or how long he has suffered from PTSD. We agree with the State that there is nothing in the record beyond Swain's "cursory self-diagnosis," and, thus, that Swain's claimed mental illness is not clearly supported by the record. Appellee's Br. at 17. Further, Swain has not shown any nexus between his alleged mental illness and

the offenses. We cannot say that the trial court abused its discretion when it did not find Swain's mental illness to be a mitigating circumstance.

## Issue Two: Inappropriateness of Sentence

[11] Swain next contends that his six-year sentence is inappropriate in light of the nature of the offenses and his character. Indiana Appellate Rule 7(B) provides that "[t]he Court may revise a sentence authorized by statute if, after due consideration of the trial court's decision, the Court finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender." And the Indiana Supreme Court has recently explained that:

> The principal role of appellate review should be to attempt to leaven the outliers . . . but not achieve a perceived "correct" result in each case. *Cardwell v. State*, 895 N.E.2d 1219, 1225 (Ind. 2008). Defendant has the burden to persuade us that the sentence imposed by the trial court is inappropriate. [*Anglemyer*, 868 N.E.2d at 494].

*Shoun v. State*, 67 N.E.3d 635, 642 (Ind. 2017) (omission in original).

[12] Indiana's flexible sentencing scheme allows trial courts to tailor sentencing decisions to fit the circumstances presented. The trial court's judgment "should receive considerable deference." *Cardwell*, 895 N.E.2d at 1222. Whether we regard a sentence as inappropriate turns on "our sense of the culpability of the defendant, the severity of the crime, the damage done to others, and myriad other facts that come to light in a given case." *Id*. at 1224. The question is not whether another sentence is more appropriate, but rather whether the sentence

imposed is inappropriate. *King v. State*, 894 N.E.2d 265, 268 (Ind. Ct. App. 2008).

[13] Swain suggests that his sentence is inappropriate in light of the nature of the offenses because it was only recently that "he has been able to maintain his sobriety" and "make the correlation between substance abuse and his criminal behavior." Appellant's Br. at 9. And he contends that his sentence is inappropriate in light of his character because he "didn't have any role models" growing up, but he has now, as the trial court observed, "show[n] emotional growth" and a "desire to change his life." *Id.* at 10 (quoting Tr. at 34-35).

[14] We cannot say that Swain's six-year sentence is inappropriate in light of the nature of the offenses and his character. Swain was admittedly high on methamphetamine and cocaine when he appeared in open court and then attempted to evade law enforcement. And Swain's substance abuse issues do not reflect favorably on his character given his continued use of illicit drugs during his treatment. We decline Swain's invitation to revise his sentence.

[15] Affirmed.

Pyle, J., and Altice, J., concur.